Charles **STEVENS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 67582.

Court of Criminal Appeals of Texas, En Banc.

April 4, 1984.

John L. Davis, Paris, for appellant.

Tom Wells, Dist. Atty., Paris, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary of a building. Punishment was assessed by the jury at 20 years' imprisonment.

The sufficiency of the evidence is not challenged. Suffice it to say the record shows Curtis Neal Everhart, Brad Lee Stapleton and appellant left Dallas on the night of November 28, 1979, and after arriving in Lamar County they went to Roxton Feed Mill and gained entrance by breaking a window. Once inside, they took some tools and coats or jackets. They drove back to Dallas to the apartment appellant shared with Steven York and divided the items taken.

Creed Merritt, manager of the Roxton Feed Mill, testified that on the morning of November 29, 1979 he discovered that a window of the feed mill was broken and several items were missing. He identified a power tool, a wrench set, a jacket and other tools as items taken. They were introduced into evidence.

Garland City Police Officer C.S. Flannagan testified on December 1, 1979, he stopped the vehicle appellant was driving for speeding. There were two passengers. After the initial stop, Flannagan checked "through the N.C.I.C. and C.I.C. computers" and discovered there were two outstanding burglary warrants from Lamar County, and that the vehicle which appellant was driving was a stolen vehicle. He searched the appellant and found two knives. He also took from him a new wool lined coat or jacket shown later to have been taken in the burglary.

Officer H.K. Renfro of the University Park Police Department testified he and other officers searched the apartment appellant shared with Robert Steven York with York's consent and recovered items taken in the instant burglary which were introduced into evidence.

At the outset appellant contends the trial court erred in overruling his special plea in bar of prosecution. He argues that

he was convicted for burglary of a building in a prior trial in the same district court (in Cause No. 8393), and that the instant offense arose out of the same criminal episode as the other offense, both occurring in Lamar county on or about November 29, 1979, and that the cases were not consolidated for trial. He reasons that the failure to consolidate the trials barred prosecution in the instant case. He cites Article 27.05, V.A.C.C.P., and V.T.C.A., Penal Code, § 3.02.

Following a stipulation of the facts, the trial court overruled the pre-trial motion.

Article 27.05, V.A.C.C.P., provides:

"A defendant's only special plea is that he has already been prosecuted for the same or a different offense arising out of the same criminal episode that *was or should have been consolidated into one trial,* and that the former prosecution:

"(1) resulted in acquittal;

"(2) resulted in conviction;

"(3) was improperly terminated; or

"(4) was terminated by a final order or judgment for the defendant that has not been reversed, set aside, or vacated and that necessarily required a determination inconsistent with a fact that must be established to secure conviction in the subsequent prosecution." (Amended, Acts 1973, 63rd Leg., p. 968, ch. 399, § 2(A), eff. Jan. 1, 1974.) (Emphasis added.)

In Chapter 3 of the 1974 Penal Code, we find the following sections:

Section 3.01

"In this chapter, 'criminal episode' means the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property)."

Section 3.02

"(a) A defendant *may* be prosecuted in a single criminal action for all offenses arising out of the same criminal episode.

"(b) When a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not less than 30 days prior to the trial.

"(c) If a judgment of guilt is reversed, set aside, or vacated, and a new trial ordered, the state may not prosecute in a single criminal action in the new trial any offense not joined in the former prosecution unless evidence to establish probable guilt for that offense was not known to the appropriate prosecuting official at the time the first prosecution commenced."

Section 3.03

"When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently."

Section 3.04

"(a) Whenever two or more offenses have been consolidated or joined for trial under Section 3.02 of this code, the defendant shall have a right to a severance of the offenses.

"(b) In the event of severance under this section, the provisions of Section 3.03 of this code do not apply, and the court in its discretion may order the sentences to run either concurrently or consecutively." (Emphasis added.)

Appellant argues that since the instant burglary could have been alleged in the same indictment together with the burglary in Cause No. 8353, or that the offenses, if charged in separate indictments, could have been joined for trial, he was entitled to have his special plea in bar of prosecution sustained for the failure to consolidate for trial under Article 27.05, supra, and § 3.02, supra.

While Article 27.05, supra, refers to cases that "should have been consolidated in one trial," § 3.02 refers to permissive joinder.

The Practice Commentary to § 3.01 notes:

"All offenses arising out of the same criminal episode may be joined for a single trial (if the prosecution and defend-

ant agree, see Sections 3.02 and 3.04) and this section defines the nature of these offenses. The definition is very broad, covering in effect the habitual property offender, but since joinder is wholly permissive, it will occur only when the defendant agrees his conduct fits the definition."

The Practice Commentary to § 3.02 observes:

Subsection (c) is difficult to understand, but seems to be aimed at encouraging prosecutors to join same-criminal-episode offenses, a wasted effort since joinder is wholly permissive."

While this court has had occasion to interpret the meaning of some of the sections of chapter 3 of the 1974 Penal Code,[1] we have not been called upon to interpret these sections in connection with Article 27.05, supra.

The language in Article 27.05, supra, "was or should have been consolidated into one trial" would seem to indicate that the Legislature envisioned a mandatory joinder under some circumstances. It is observed that the language in question was added to Article 27.05 when the statute was amended to supposedly conform to the 1974 Penal Code. The amendment was part and parcel of the bill enacting the "new penal code." (Acts 1973, 63rd Leg., ch. 399 [S.B. 34], eff. Jan. 1, 1974.) Research reveals the amendment conformed to certain provisions in the 1970 proposed code pamphlet, but in the legislative process certain changes were made in Chapter 3 before enactment. The conforming amendment to Article 27.05 was not substantially altered to reflect the changes made in Chapter 3.

The Practice Commentary to V.T.C.A., Penal Code, § 3.02 provides in part:

"This section [3.02(c)] doesn't contain the only confusion produced by the transition between the proposed and enacted versions of Chapter 3. C.C.P. art. 27.05 was amended by the Penal Code act to bar subsequent prosecution for a same-criminal-episode offense 'that was or should have been consolidated' into a former prosecution. The amended article is very similar to a conforming amendment in the 1970 proposed code. Unlike the proposal, however, 'criminal episode' is not defined in Article 27.05 and joinder of

---

1. In *Gordon v. State,* 633 S.W.2d 872 (Tex.Cr. App.1982), the following observations were made:

"The Practice Commentary following id., § 3.01 explains that 'joinder is wholly permissive' and laments that Chapter 3 is 'such a pale copy of the ... [1970 proposed code] ... that one wonders if all the energy expended to produce *something* permitting offense joinder couldn't have been put to better use on other topics in the code [emphasis in original].' Indeed, in its first look by the Court § 3.02 was perceived as 'giving the accused a *mandatory right* to consolidate pending indictments for trial before one jury panel [emphasis in original],' *Johnson v. State,* 509 S.W.2d 322, 323 (Tex.Cr.App.1974), but that dicta was disapproved by this Court in *Ex parte Charlesworth,* 600 S.W.2d 316, 317 (Tex.Cr.App.1980), in light of *Smith v. State,* 575 S.W.2d 41 (Tex.Cr.App.1979) and *Caughorn v. State* [, 549 S.W.2d 196], supra. What became clear was that consolidation of separate indictments for trial may be accomplished by the State giving the thirty day notice required by § 3.02(b) and acquiescence thereto by the accused. *Smith v. State,* supra; *Caughorn v. State,* supra; *Waythe v. State,* 533 S.W.2d 802, 803 (Tex.Cr.App.1976): 'We hold, therefore, that Sec. 3.04(a) is mandatory and that the trial court erred in failing to grant appellant's motion for severance.' See also *Overton v. State,* 552 S.W.2d 849 (Tex.Cr.App.1977), finding reversible error in denying a motion to quash a single indictment containing two counts of aggravated robbery on grounds accused would be prejudiced by joinder, it being construed to be a request for severance.

"The consolidation scheme that the Legislature did provide, though 'wholly permissive,' sought to achieve 'convenience and efficiency, permitting one trial on the joined counts, and treating the separate offenses as one for sentencing purposes,' *Haliburton v. State,* 578 S.W.2d 726, 729 (Tex.Cr.App.1979). Thus, the otherwise settled rule that when in the same indictment two or more felonies are alleged in different counts the accused may be convicted of only one count 'does not apply to offenses against property,' *Garcia v. State,* 574 S.W.2d 133, 135 (Tex.Cr.App.1978) (Dally, J., dissenting), and the acquiescing accused is guaranteed that his ultimate sentences will run concurrently. Even so, the value of what benefits may be derived from the joinder procedure are to be assayed by the respective parties in their own lights." (Footnotes omitted.)

same criminal episode offenses is not required by the enacted Penal Code [Compulsory joinder language from the proposed code was also added to C.C.P. art. 36.11—to prevent the attachment of jeopardy following a variety of mistrials—but the language was not defined in that article either]."

We cannot conclude that the trial court erred in overruling appellant's special plea in bar of prosecution. We overrule the first ground of error.

Next appellant contends the court erred in overruling his motion to suppress and admitting into evidence State's Exhibit No. 1 (a power tool), State's Exhibit No. 2 (a combination wrench set), State's Exhibit No. 3 (tools) and State's Exhibit No. 4 (a jacket), all items being taken from appellant's apartment or from his person.

█ The first three exhibits were found in a search of an apartment which appellant shared with Robert Steven York. Appellant claims the police officers went to the apartment on November 30, 1979 about 11 p.m. when he was not home, stating they had a warrant for appellant. Appellant argues the warrant was invalid. The records show the officers obtained consent to search from York. York confirmed the fact he gave voluntary consent to search the apartment to all parts of which he had equal access. The exhibits found in the apartment were admissible.

█ The fourth exhibit, a coat or jacket, was taken from appellant's person following his arrest. Officer Flannagan arrested appellant for speeding. He then learned there were two outstanding burglary arrest warrants for appellant, and that the vehicle he was driving was stolen. The appellant argues the arrest warrants were based on complaints not supported by probable cause. The State candidly agrees. However, there was probable cause, independent of the warrants, to arrest appellant for theft of the automobile. The officer then had the right to search incident to that valid arrest. We need not discuss other possible justification for the search,

or the admissibility of the jacket on other grounds. Appellant's ground of error is overruled.

█ Lastly, appellant contends that Article 42.08, V.A.C.C.P., permitting the cumulation of sentences, amounts to cruel and unusual punishment in violation of the Eighth Amendment, United States Constitution, and Article I, § 13 of the Texas Constitution.

The instant sentence was cumulated with the sentence in the prior burglary conviction from Lamar County, and another sentence from Delta County. The appellant objected that the "stacking" was "in violation of the United States Constitution." The objection was not more specific and was a general objection which does not preserve error. Further, the objection does not fully comport with the ground of error on appeal, and presents nothing for review. See and cf. *Bouchillon v. State*, 540 S.W.2d 319 (Tex.Cr.App.1976).

It has been held that the cumulation of sentences does not constitute cruel and unusual punishment. *Baird v. State*, 455 S.W.2d 259 (Tex.Cr.App.1970), and that a forerunner of said Article 42.08 does not violate Article I, § 13 of the Texas Constitution. *Lillard v. State*, 17 Tex.App. 114 (1884); *Shumaker v. State*, 10 Tex.App. 117 (1881). As regards the Eighth Amendment, United States Constitution, see *Boerngen v. United States*, 326 F.2d 326 (5th Cir.1964).

Appellant's contention is overruled.

The judgment is affirmed.