In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00073-CV


______________________________








EX PARTE: RONNIE MAPLES








 


On Appeal from the 6th Judicial District Court


Fannin County, Texas


Trial Court No. 35020




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 The State of Texas filed an appeal from an order of expunction. The notice of appeal was
filed on May 23, 2002. No docketing certificate or record has been filed. On September 10, 2002,
we contacted the prosecutor and warned him the appeal would be subject to dismissal within ten days
for want of prosecution unless he showed good cause for continuing the appeal. In response, we
received a copy of a motion to dismiss the appeal, which the prosecutor had filed with the district
court in Fannin County on June 3, 2002. 

 An appeal is perfected when a written notice of appeal is filed with the trial court clerk. The
filing of a notice of appeal invokes our jurisdiction over the judgment or order from which the appeal
is taken. Tex. R. App. P. 25.1(b). Only this Court has the authority to dismiss an appeal pending
before it. See Tex. R. App. P. 42.1.

 Because it is apparent the State wishes to dismiss its appeal from the order of expunction,
we now grant the relief requested by the State pursuant to Tex. R. App. P. 42.1(a)(2).

 The appeal is dismissed.

 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 18, 2002

Date Decided: September 19, 2002


Do Not Publish


 (1) See Tex. Penal Code Ann. § 12.33 (Vernon 2003); Tex. Code
Crim. Proc. Ann. art. 42.08 (Vernon 2006). 

 On appeal to this Court, (2) Howard contends, in a single point of error, that the punishment
assessed is disproportionate to his crime. Howard did raise the claim of disproportionate sentence
at the trial court level. 

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Howard's
sentence falls within the applicable range of two to twenty years' imprisonment and a fine of up to
$10,000.00. See Tex. Penal Code Ann. § 12.33.

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem v. Helm, 463 U.S. 277, 290 (1983); Harmelin v. Michigan, 501 U.S. 957
(1991) (Scalia, J., plurality op.); Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.--Texarkana
1999, no pet.); Lackey v. State, 881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd); see
also Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as
involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has been reformulated as an
initial threshold comparison of the gravity of the offense with the severity of the sentence; and then,
only if that initial comparison created an inference that the sentence was grossly disproportionate to
the offense should there be a consideration of the other two Solem factors--sentences for similar
crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. McGruder,
954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.--Texarkana 2006, no pet.);
Lackey, 881 S.W.2d at 420-21. 

 Howard's main complaint concerns the trial court's decision to order the twenty-year sentence
for aggravated assault be served consecutive to two other life sentences. Howard does not argue that
the trial court lacked authority to stack the sentence. See Tex. Code Crim. Proc. Ann. art. 42.08. 
The cumulation of sentences does not constitute cruel and unusual punishment. Stevens v. State, 667
S.W.2d 534, 538 (Tex. Crim. App. 1984); Baird v. State, 455 S.W.2d 259 (Tex. Crim. App. 1970);
Quintana v. State, 777 S.W.2d 474, 480 (Tex. App.--Corpus Christi 1989, pet. ref'd). Howard has
not shown the trial court's decision to order the sentence to be served consecutively, or stacked,
caused the sentence to be grossly disproportionate. 

 Finally, there is no evidence in the record comparing Howard's sentence with other sentences
for similar crimes in Texas or comparing the sentences imposed on persons in Texas with sentences
in other jurisdictions. Mullins, 208 S.W.3d 469; see Fluellen v. State, 71 S.W.3d 870, 873 (Tex.
App.--Texarkana 2002, pet. ref'd); Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000,
pet. ref'd). Howard's sole point of error is overruled.

 There being no other issues before us, we affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: June 18, 2008

Date Decided: June 19, 2008


Do Not Publish
1. Counsel for Howard states, in his brief, that the appeals of these convictions for which he
received two life sentences (aggravated kidnapping and aggravated sexual assault) were dismissed
due to untimely notices of appeal and that he is assisting Howard in filing writs of habeas corpus in
the Texas Court of Criminal Appeals so that Howard can pursue out-of-time appeals in the other two
convictions.
2. This appeal was transferred to this Court from the Tyler Court of Appeals pursuant to a
docket equalization order of the Texas Supreme Court.