Affirmed and Memorandum Opinion filed April 10, 2003









Affirmed
and Memorandum Opinion filed April 10, 2003.

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00433-CR

____________

 

HAROLD BONNEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 338th District Court

Harris County, Texas

Trial
Court Cause No. 878,591

 



 

M
E M O R A N D U M   O P I N I O N








Appellant
Harold Bonney pleaded guilty to burglary of a
habitation and was sentenced to 45 years= confinement in the Institutional Division of the Texas
Department of Criminal Justice, enhanced by two prior convictions.  Appellant raises four issues on appeal.  In his first three issues, he contends the
trial court erred in denying his motion to suppress his oral confession on the
following grounds: (1) the statement does not reflect that he knowingly,
intelligently, and voluntarily waived his rights as required under Texas Code
of Criminal Procedure article 38.22, section 3(a); (2) there is no evidence to
support the trial court=s findings of fact and conclusions of law that appellant
knowingly, intelligently, and voluntarily waived his rights; and (3) the
confession was the product of improper inducements and deprivations.  In his fourth issue, appellant contends his
sentence violates his constitutional right to be free from cruel and unusual
punishment because it constitutes punishment for being a drug addict.  We affirm.

FACTUAL
BACKGROUND

The
complainant, Katherine Bacon, and her husband lived in the Creekstone
Apartments.  Appellant=s
former girlfriend, Gayla Constine,
lived in the same apartment complex.  On
May 22, 2001, while the Bacons were not home, appellant burglarized the Bacon=s
apartment and stole televisions, jewelry, a camcorder, cameras, a VCR, and
other possessions valued at approximately $4,000.00.  Appellant was arrested and charged with the
offense of burglary of a habitation.  The
indictment alleged two prior convictions for burglary of a motor vehicle and
possession of a controlled substance.

On
May 30, 2001, Sgt. Harmon of the Houston Police Department conducted an audiotaped interview of appellant.  As reflected in the transcript of the
recording, Harmon provided the following warnings at the outset of the
interview:

Harmon: You=re
going to have to speak up, sir, so we can get it on tape.

Bonney:  Yes.

Harmon: All right, you
understand I=m taping this
conversation?

Bonney:
Yes.

Harmon:  All right, sir.  I=m
going to read this to you as I did before.  You have the right to remain silent and not
make any statement at all and that any statement you make may be used against
you and probably will be used against you in court.  Any statement you make may be used as
evidence against you in court.  You have
the right to have a lawyer present to advise you prior to and during any
questioning.  If you are unable to employ
a lawyer, you have the right to have a lawyer appointed to advise you prior to
and during any questioning.  You have the
right to terminate this interview any time you desire.  Okay, like I said, do you understand your
statutory rights?

Appellant:  Yes.

Harmon:  Your legal rights, sir?








Appellant:  Yes.

Appellant
then admitted to the burglary of the Bacons= home and another burglary at the Creekstone
Apartments.

At
the hearing on appellant=s motion to suppress the oral statement, the trial court heard
testimony from both 
Harmon and appellant.  The
trial court denied the motion, and filed the following relevant findings of
fact:  

5.         The
defendant understood the rights set out in Paragraph 4 above [the article 38.22
statutory warnings], including that the statement may be used against him.

6.         The
defendant intelligently, knowingly and voluntarily waived the rights set out in
Paragraph 4 above.

7.         The
defendant=s oral
statement was not improperly induced or the product of overreaching on the part
of law enforcement officials.

8.         The
defendant was not threatened, assaulted, or coerced by anyone into making the
statement.

9.         The
defendant was not threatened with charges being filed against Gayla Constine to induce him into
giving a statement.

10.       The
defendant was not under the influence of alcohol or drugs at the time of the
interrogation.

11.       The
defendant=s decision to give
a statement was not made as a result of intoxication or delusions from any
alcohol or drugs that may have been consumed by the defedant
prior to his arrest.

12.       No
one made any promises to the defendant to induce him to make a statement.      

13.       The
defendant was not deprived of sleep or food by law enforcement officials prior
to making the statement.

14.       The Court finds Sgt. Harmon to be a
credible witness and finds true his testimony that he read the defendant the
statutory warnings prior to the statement being given, that the defendant was
not intoxicated or delusional, and that he did not threaten, coerce, nor
promise the defendant anything in exchange for his statement.

The
trial court also entered conclusions of law reflecting its fact findings.








After the trial court denied appellant=s
motion to suppress the oral statement, appellant entered a guilty plea to the
allegations in the indictment and a plea of true to the allegations in the enhancement
paragraphs.  There was no agreed
recommendation of punishment from the State. 
The trial court found appellant guilty of the offense as alleged in the
indictment, and after a punishment hearing, found the allegations in the
enhancement paragraphs true.  The trial
court sentenced appellant to 45 years= confinement in the Institutional Division of the Texas
Department of Criminal Justice.  This
appeal followed.

DISCUSSION

I.       The Motion to Suppress

At a hearing on a motion to suppress
evidence, the trial court is the sole judge of the weight and credibility of
the evidence and the trial court=s finding may not be disturbed on
appeal absent a clear abuse of discretion. 
Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993) (en banc).  In reviewing a trial court=s ruling on a motion to suppress, we
afford almost total deference to the trial court=s determination of the historical
facts that the record supports, especially when the trial court=s findings turn on an evaluation of a
witness=s credibility and demeanor.  Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc).  However, we review de novo mixed questions of
law and fact that do not turn on an evaluation of credibility and
demeanor.  Id. 

Appellant=s first three issues are directed to the trial court=s
denial of his motion to suppress his oral recorded statement, and so will be
addressed together.  Appellant contends
the trial court erred in denying his motion to suppress because the recording
does not reflect an express waiver of his rights, the evidence is contrary to
and does not support the trial court=s findings of fact and conclusions of law that appellant
knowingly, intelligently, and voluntarily waived his rights, and his confession
was involuntary because it was the product of improper inducements and
deprivations.  We address each in turn.

 








A.      No Express Waiver

In appellant=s first issue, he contends that the trial court committed
reversible error in denying his motion to suppress his oral recorded statement
because the audiotape does not reflect that he knowingly, intelligently, and
voluntarily waived his rights as required under article 38.22, section 3(a) of
the Texas Code of Criminal Procedure. 
Section 3(a) provides in relevant part:

Sec. 3.
(a) No oral or sign language statement of an accused made as a result of
custodial interrogation shall be admissible against the accused in a criminal
proceeding unless:

_

(2)
prior to the statement but during the recording the accused is given the
warning in Subsection (a) of Section 2 above and the accused knowingly,
intelligently, and voluntarily waives any rights set out in the warning._

Tex. Code Crim. Proc. Ann. art.
38.22 (Vernon Supp. 2003).  Section 2 provides as follows:

No
written statement made by an accused as a result of custodial interrogation is
admissible as evidence against him in any criminal proceeding unless it is
shown on the face of the statement that:

(a) the accused, prior to making the statement,
either received from a magistrate the warning provided in Article 15.17 of this
code or received from the person to whom the statement is made a warning that:

(1) he has the
right to remain silent and not make any statement at all and that any statement
he makes may be used against him at his trial;

(2) any statement
he makes may be used as evidence against him in court;

(3) he has the
right to have a lawyer present to advise him prior to and during any
questioning;

(4) if he is
unable to employ a lawyer, he has the right to have a lawyer appointed to
advise him prior to and during any questioning; and

(5) he has the
right to terminate the interview at any time; and








(b)
the accused, prior to and during the making of the
statement, knowingly, intelligently, and voluntarily waived the rights set out
in the warning prescribed by Subsection (a) of this section.

Tex. Code Crim. Proc. Ann. art.
38.22, '
2 (Vernon Supp. 2003).

Specifically, appellant argues that, while he was asked if he understood
his rights, he was not asked if he knowingly, intelligently, and voluntarily waived
those rights.  However, the waiver
provision of section 3(a)(2) does not require that the
recording reflect an express waiver of the rights.  Rocha v. State, 16 S.W.3d 1, 12 (Tex. Crim.
App. 2000); Etheridge v. State, 903
S.W.2d 1, 16B17 (Tex.
Crim. App.
1994), cert. denied, 516 U.S. 920 (1995). 

Here, it is undisputed that appellant received the warnings set
out in section 2.  Moreover, the
recording reflects appellant was given the warnings twice, once on the
recording and once prior to the recording. 
Appellant twice stated that he understood the warnings, and proceeded to
give his statement.  He understood he was
being recorded, and did not object. 
There is nothing in the statement that indicates appellant did not
knowingly, intelligently, and voluntarily waive his rights.  Additionally, at the hearing on appellant=s
motion to suppress the statement, appellant admitted that Harmon read him his
rights and he agreed to talk to him.  We
therefore overrule appellant=s first issue.

B.      The Trial Court=s
Findings of Fact and Conclusions of Law








In appellant=s second issue, he contends the trial court=s
findings of fact and conclusions of law were clearly contrary to and
unsupported by the record.  Appellant
charges that the trial court merely Arubber stamped@ the findings and conclusions submitted by
the State, and urges us to conduct a de novo review of the trial court=s
determination.  Appellant does not
specify which findings and conclusions are challenged, but the crux of
appellant=s argument appears to be that the trial court=s
findings and conclusions are unsupported because there is no evidence of an
express waiver of his rights on the recording of his statement.  However, as we have already stated, there is
no requirement of an express waiver on an oral recorded statement, and there is
nothing in the recorded statement to indicate that appellant did not knowingly,
intelligently, and voluntarily waive his rights.  We overrule appellant=s
second issue.

C.      The Voluntariness
of the Statement

In appellant=s third issue, he contends the trial court committed reversible
error in denying his motion to suppress because his statement was the product
of improper inducements and deprivations. 
Specifically, he contends his statement was involuntary because he
feared that his former girlfriend, Gayle Constine,
would be charged with a crime if he did not confess, he had just ingested crack
cocaine and was intoxicated, and he was physically exhausted and deprived of
food while in custody.

When the voluntariness of a
confession is challenged, the trial court must make an independent
determination in the absence of the jury as to whether the statement was
voluntarily made.  Tex. Code Crim. Proc. Ann. art. 38.22,
' 6 (Vernon 1979); Jackson v. Denno, 378 U.S. 368, 380 (1964).  At this hearing, the State has the burden
under the Fifth and Fourteenth Amendments of proving by a preponderance of the
evidence that the confession was voluntary. 
Lego v. Twomey, 404
U.S. 477, 489 (1972); Alvarado v. State, 912 S.W.2d 199, 211 (Tex. Crim.
App. 1995) (en banc).  








The statement of an accused may be used against him if it
appears it was freely and voluntarily made without compulsion or
persuasion.  Tex. Code Crim. Proc. Ann. art. 38.21 (Vernon 1979).  A statement is involuntary if there was
official, coercive conduct of such a nature that any statement obtained was
unlikely to have been the product of an essentially free and unconstrained
choice.  Alvarado, 912 S.W.2d at 211. 
Before a promise will render a confession inadmissible, it must be shown
that the promise induced the confession. 
Muniz v. State, 851
S.W.2d 238, 254 (Tex. Crim. App. 1993) (en banc).  In order to induce the confession, the
promise must be (1) positive, (2) made or sanctioned by someone in authority,
and (3) of such an influential nature that a defendant would speak untruthfully
in response thereto.  Id.  Voluntariness must
be determined by considering the totality of the circumstances under which the
statement was obtained.  Creager
v. State, 952 S.W.2d 852, 855 (Tex.
Crim. App. 1997) (en banc).  

Here, the trial court heard conflicting testimony regarding the
voluntariness of appellant=s
oral statement from appellant and Harmon. 
As the sole fact‑finder and judge of the witnesses=
credibility and weight of the evidence, the trial court is owed great
deference, and its ruling will be overruled only if it is outside the bounds of
reasonable disagreement.  Janecka
v. State, 937 S.W.2d 456, 462 (Tex. Crim. App.
1996).

Appellant testified he had used crack cocaine and consumed
alcohol on the day of his arrest, he had not eaten or slept for three days and
was not given food when he requested it, and he felt charges would be filed
against Constine if he did not provide a
statement.  He also testified he was
upset and sad at the time, and he did not understand that providing a
confession would be so harmful in court. 
However, appellant admitted that Harmon did not tell him that Constine had done anything wrong or that he would file
charges against her.  He also admitted
that Harmon read him his rights, and he agreed to talk to Harmon.  Appellant testified that he did not know if
fear that Constine might be charged with a crime, his
intoxication, or his delusional state compelled him to give the statement, and
he admitted that he probably would have given the statement anyway.

Harmon testified that appellant agreed to give a statement, and
at no time during the interview did appellant ask him to stop the
interview.  Harmon further testified that
he made no promises to appellant, did not coerce him, and did not deprive him
of anything.  He also testified that
appellant did not appear to be delusional or under the influence of drugs, and
he did not smell alcohol on appellant=s breath.  While
conceding that appellant possibly could have used drugs on the day of his
arrest, Harmon attributed appellant=s sometimes slurred speech on the recording to his
remorsefulness, noting that he was crying during the interview








Viewing the evidence in its totality,
the trial court=s findings of fact and conclusions of law are supported by
the record; therefore, the trial court did not abuse it discretion in denying
appellant=s motion to suppress.  See Dewberry v. State, 4 S.W.3d 735, 747B48 (Tex. Crim.
App. 1999), cert. denied, 529 U.S. 1131 (2000); Brimage v. State, 918 S.W.2d 466, 504 (Tex. Crim. App. 1996).  Appellant=s
third issue is overruled.

II.      THE SENTENCE

In his fourth issue, appellant contends that his punishment of
45 years in prison violated his constitutional right to be free from cruel and
unusual punishment under the Eighth and Fourteenth Amendments to the United
States Constitution because it effectively punishes him for his long-term
addiction to drugs and alcohol.  However,
appellant did not object in the trial court to the length of the sentence
imposed.  Appellant has waived any
error.  Stevens v. State, 667
S.W.2d 534, 538 (Tex. Crim. App. 1984);
Solis v. State, 945 S.W.2d 300, 302 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d).

We affirm the judgment of the trial court.

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 10, 2003.

Panel consists
of Chief Justice Brister and Justices Yates and
Edelman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).