NO. 12-04-00046-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JAMES EDWARD JONES,                               §                 APPEAL FROM THE 241ST
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            James Edward Jones (“Appellant”) appeals the trial court’s cumulation of sentences order.
In one issue, he contends that the order violates the United States Constitution’s protections against
cruel and unusual punishment. We affirm. 
 
Background
            On March 20, 2003, Appellant was indicted for the offense of aggravated assault on a public
servant with a deadly weapon. On November 12, the State filed a motion to cumulate the sentence
in that case with a life sentence a jury previously imposed on Appellant in another aggravated assault
on a public servant case that arose out of the same criminal episode. On December 20, Appellant
pleaded guilty to this offense, along with six other offenses. On January 16, 2004, the trial court held
a hearing on Appellant’s punishment, and after arguments by both parties, sentenced Appellant to
forty years of imprisonment and assessed a $5,000.00 fine. The trial court also granted the State’s
motion to cumulate sentences, thereby ordering that Appellant’s forty-year sentence and previous
life sentence be served consecutively. On February 16, Appellant timely filed his notice of appeal.
 
Analysis
            In his sole issue, Appellant contends that the trial court’s cumulation-of-sentences order
constitutes cruel and unusual punishment under the Texas and United States Constitutions. Initially,
we note that Appellant made no objection to the trial court raising the issue of cruel and unusual
punishment and has, therefore, waived such an issue with respect to any alleged violation of his
rights under the Texas Constitution. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App.
1996); Tex. R. App. P. 33.1. However, even absent waiver, we conclude that Appellant’s sentence
did not constitute cruel and unusual punishment. 
            The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In this case, Appellant was convicted of
aggravated assault on a public servant. See Tex. Pen. Code Ann. § 22.02(a)(2), (b)(2) (Vernon
Supp. 2004). Such an offense is a first degree felony, which carries a punishment range of between
15 and 99 years, or life. Id.; see also Tex. Pen. Code Ann. § 12.32(a), 12.42(c)(1) (Vernon 2003). 
Here, the punishment assessed by the trial court falls well within the range set forth by the
legislature. Id. Therefore, the punishment is not prohibited as cruel, unusual or excessive per se. 
            Furthermore, the legislature has conferred upon the trial courts the discretion, in second and
subsequent cases, to order that the sentences imposed run consecutively or concurrently. Tex. Code
Crim. Proc. Ann. art. 42.08 (Vernon 2003). The act of stacking sentences so that they run
consecutively has been held not to constitute cruel and unusual punishment. See Stevens v. State,
667 S.W.2d 534, 538 (Tex. Crim. App. 1984); Baird v. State, 455 S.W.2d 259, 259 (Tex. Crim.
App. 1970); Quintana v. State, 777 S.W.2d 479, 480 (Tex. App.– Corpus Christi 1989, pet. ref’d). 
            Nonetheless, Appellant urges the court to perform the three-part test originally set forth in
Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the
harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and
(3) the sentences imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S.
at 292, 103 S. Ct. at 3011.


 The application of the Solem test has been modified by Texas courts and
the Fifth Circuit Court of Appeals, in light of the Supreme Court’s decision in Harmelin, to require
a threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845-46 (Tex. App.–Texarkana 1999, no pet.).
            In determining whether Appellant’s sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).


 In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions - one for fraudulent use of
a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in
the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant’s mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. 
            In the case at hand, the offenses committed by Appellant - two aggravated assaults on a
public servant with a deadly weapon - were far more serious than the offenses committed by the
appellant in Rummel. However, Appellant’s 40-year sentence stacked onto a life sentence is no
more severe, considering the serious nature of Appellant’s two offenses, than the life sentence upheld
by the Supreme Court in Rummel. Thus, it follows that if the sentence in Rummel was not
unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the
case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply
the remaining elements of the Solem test. Appellant’s sole issue is overruled.
 
Conclusion
Having overruled Appellant’s sole issue, we affirm the judgment of the trial court.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered August 25, 2004.
Panel consisted of Worthen, C.J., and Griffith, J.
DeVasto, J., not participating



















(DO NOT PUBLISH)