# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00597-CR

**John Michael Machuca, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 06-1460-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

John Michael Machuca appeals a judgment of conviction for possessing more than four grams of 3,4-methylenedioxy methamphetamine with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.113(a), (d) (West 2003); *see also id*. § 481.103 (West Supp. 2008) (penalty group 2). The court assessed punishment at forty years' imprisonment and ordered that the sentence be cumulated with the sentence previously imposed in another case. In two points of error, appellant contends that the cumulation order was an abuse of discretion and constituted double jeopardy. We overrule these contentions and affirm the conviction.

After midnight on August 26, 2006, appellant fatally shot Austin Taylor-Woods in Travis County, took a bag of ecstasy tablets that had been in Taylor-Woods's possession, and drove away in Taylor-Woods's girlfriend's pickup truck. Appellant drove into Williamson County, where a police officer saw him driving erratically. Appellant did not comply when the officer attempted

to stop him, and he thereafter led the police on a twenty-five-minute chase before he was finally apprehended.

The original indictment in this cause, filed in October 2006, accused appellant of possessing 3,4-methylenedioxy methamphetamine with intent to deliver, tampering with evidence, and evading arrest. Appellant was also indicted in Travis County for Taylor-Woods's murder. On January 30, 2008, while this cause was pending, appellant pleaded guilty in the Travis County murder case and was sentenced to forty years in prison. The Travis County judgment contains an order stating, "The Court ORDERS that the sentence in this conviction shall run consecutively and shall begin only when the judgment and sentence in the following case has ceased to operate: WILLIAMSON COUNTY CASE . . . ."

In May 2008, appellant was reindicted in Williamson County. In addition to the three offenses alleged in the original indictment, the new indictment contained a fourth count accusing appellant of the aggravated robbery of Taylor-Woods. In July 2008, pursuant to a plea bargain, appellant pleaded guilty to the controlled substance count and the other counts were dismissed. The plea bargain called for a forty-year sentence, with appellant preserving the right to appeal should the trial court make a cumulation order. The trial court adjudged appellant guilty, imposed sentence, and ordered that the sentence is to begin when the sentence in the Travis County murder case has ceased to operate. This appeal followed.

The Travis County murder and the controlled substance offense for which appellant was convicted in this cause arose out of the same criminal episode. *See* Tex. Penal Code Ann. § 3.01 (West 2003) (defining "criminal episode"). If the two offenses had been prosecuted in the same

2

criminal action, it would have been mandatory for the sentences to run concurrently. *See id*. § 3.03(a) (West Supp. 2008). Because the offenses were not tried together, however, the court below had the discretion to order that the sentence in this cause be served either concurrently with the Travis County sentence or after that sentence has ceased to operate. Tex. Code Crim. Proc. Ann. art. 42.08(a) (West 2006). The court chose the latter option.

Appellant contends that the cumulation order constitutes double jeopardy under the Fifth Amendment. Appellant concedes that the Travis County district court's cumulation order is a nullity because appellant had not been tried or sentenced in this cause when that order was entered. *See id*. (authorizing cumulation of sentence in subsequent prosecution with sentence imposed in previous prosecution); *see also Ex parte Ward*, 274 S.W.2d 693, 695 (Tex. Crim. App. 1955) (applying predecessor statute). Appellant argues, however, that having sought a cumulation order in the Travis County case, the State should not have been given a second opportunity to cumulate the sentences. This argument fails because the Double Jeopardy Clause does not extend to noncapital sentencing proceedings. *Monge v. California*, 524 U.S. 721, 724 (1998).

Alternatively, appellant contends that the trial court abused its discretion by cumulating the sentence in this cause with the sentence imposed in the Travis County prosecution because he could have been tried for both offenses in a single proceeding in Williamson County. Appellant reasons as follows. Taylor-Woods was robbed and murdered at the same location. Because appellant was prosecuted for the murder in Travis County but indicted for the robbery in Williamson County, appellant infers that the robbery-murder must have been committed within four hundred yards of the boundary between the two counties. *See* Tex. Code Crim. Proc. Ann. art. 13.04

3

(West 2005) (venue for offense committed on or near county boundary). Thus, appellant argues that he could have been prosecuted for the murder in Williamson County and, because the murder offense and the controlled substance offense arose out of the same criminal episode, the two offenses could have been joined for prosecution at a single trial. *See* Tex. Penal Code Ann. § 3.02(a) (West 2003). Citing code of criminal procedure article 27.05, appellant asserts that the legislature has expressed a preference for concurrent sentences for offenses arising out of the same criminal episode, and the failure to follow that preference in this cause was an abuse of discretion. Article 27.05 provides that a defendant may assert as a special plea that he has already been convicted for the same or a different offense arising out of the same criminal episode that was or should have been consolidated into one trial. *See* Tex. Code Crim. Proc. Ann. art. 27.05 (West 2006).

We reject appellant's argument for two reasons. First, there is no evidence that appellant could have been tried for murder in Williamson County. The record before us reflects only that Taylor-Woods was robbed and murdered in Travis County. The Williamson County indictment accusing appellant of robbing Taylor-Woods is not evidence that the robbery-murder was committed within four hundred yards of the county line. For all we know from this record, appellant might have been able to successfully challenge his prosecution for robbery in Williamson County on venue grounds had that count not been abandoned by the State as part of the plea bargain.

Second, even if appellant could have been tried for murder in Williamson County, article 27.05 does not apply. Under penal code section 3.02, offenses arising out of a single criminal episode may be consolidated for trial, but consolidation is not mandatory. *See Nelson v. State*, 864 S.W.2d 496, 498 (Tex. Crim. App. 1993) (holding defendant does not have right to consolidate

4

offenses committed in same criminal episode); *Stevens v. State*, 667 S.W.2d 534, 536 (Tex. Crim. App. 1984) ("[section] 3.02 refers to permissive joinder"). As *Stevens* explains, the legislature amended article 27.05 to add the "should have been consolidated" language in the expectation that the new (current) penal code then under consideration would provide for mandatory joinder in some circumstances. *Stevens*, 667 S.W.2d at 537. As it turned out, the mandatory joinder provisions were omitted from the penal code as enacted, but article 27.05 was not altered to reflect that reality. *Id*. If appellant had filed a special plea of former conviction based on the theory that the murder and controlled substance offenses should have been consolidated for trial, the motion would have been properly overruled. *Id*. at 538.

Finally, appellant argues that the cumulation order was an abuse of discretion in light of his age. Appellant points to the Supreme Court's conclusion that persons under eighteen years of age "cannot with reliability be classified among the worst offenders." *Roper v. Simmons*, 543 U.S. 551, 569 (2005). Appellant, who was seventeen years old when the offenses at issue were committed, argues that in light of *Roper*, it was an abuse of discretion for the trial court to effectively sentence him to eighty years in prison for offenses arising out of the same criminal episode.

The issue in *Roper* was the constitutionality of executing a person who was less than eighteen years old at the time he committed a capital offense. *Id*. at 555-56. In holding that the constitution forbids the death penalty in such a case, the Supreme Court affirmed the judgment of the state supreme court reforming the defendant's punishment from death to life imprisonment without parole. *See id*. at 560, 579. There is nothing in *Roper* to suggest that it was unlawful to sentence appellant to a cumulative eighty years in prison for the offenses he admitted committing.

5

The court of criminal appeals has said that when a trial court lawfully exercises its discretion to cumulate sentences pursuant to article 42.08, that decision is unassailable on appeal. *Beedy v. State*, 250 S.W.3d 107, 110 (Tex. Crim. App. 2008). Finding no basis for concluding that the cumulation order was unlawful, we overrule appellant's contention that the order was an abuse of the trial court's discretion.

The points of error are overruled, and the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: May 21, 2009

Do Not Publish