In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-09-00214-CR


NO. 09-09-00229-CR


____________________



DESMOND MONROE LIMBRICK, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 97515 and 94686






 MEMORANDUM OPINION


 Pursuant to plea bargain agreements, Desmond Monroe Limbrick pled guilty to
possession of a controlled substance (cocaine) and injury to a child. See Tex. Health &
Safety Code Ann. §§ 481.102(3)(D), 481.115 (Vernon Supp. 2009) (1); Tex. Pen. Code Ann.
§ 22.04(a)(3), (f) (Vernon Supp. 2009). Limbrick appeals from the judgments in both cases,
Trial Cause Number 97515 and Trial Cause Number 94686. (2) In his first two issues,
Limbrick contends that his sentences are excessive and that his sentences constitute cruel and
unusual punishments. See U.S. Const. amend. VIII; Tex. Const. art. I, § 13; Tex. Code
Crim. Proc. Ann art. 1.09 (Vernon 2005). Limbrick also asserts that he received ineffective
assistance of counsel at his sentencing hearing. Because the issues all relate to the sentences
he received and Limbrick filed one brief to address both sentences, we consider his appeals
together. Background

 Limbrick pled guilty to the allegations in the two indictments. In each case, the trial
court found the evidence sufficient to find Limbrick guilty, but then deferred further
proceedings. In Cause Number 97515, the trial court placed Limbrick on community
supervision for five years for possessing cocaine. In Cause Number 94686, the trial court
placed Limbrick on community supervision for four years for injuring a child.

 Approximately three years later, in each case, the State requested that the trial court
revoke Limbrick's unadjudicated community supervision. At the revocation and punishment
hearing, in each of the cases, Limbrick pled "true" to having violated two conditions of his
community supervision. Following comments from Limbrick's counsel, Limbrick addressed
the court, and the court asked Limbrick several questions. The State responded and
requested revocation. At that point, in Cause Number 97515, the trial court found that
Limbrick had violated the conditions established for his community supervision, found
Limbrick guilty of possession of a controlled substance, and assessed his punishment at ten
years' confinement in the Texas Department of Criminal Justice-Institutional Division. In
Cause Number 94686, the trial court found that Limbrick had violated the conditions
established for his community supervision, found him guilty of injury to a child, and assessed
his punishment at two years' confinement in State Jail. The trial court then stacked
Limbrick's sentences, and ordered Limbrick to serve his two-year sentence in Cause Number
94686 upon completing his ten-year sentence in Cause Number 97515.

Analysis

 In his first two issues, Limbrick contends his sentences are excessive even though 
they each are within the statutory punishment range established by the Legislature for each 
offense. (3) The State contends that by failing to timely object, Limbrick waived any issue
related to whether his sentences are excessive.

 To preserve error for appellate review, a party must present a timely objection to the
trial court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P.
33.1(a). Generally, the failure to specifically object to an alleged disproportionate or cruel
and unusual sentence in the trial court or in a post-trial motion waives any error for purposes
of appellate review. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)
(defendant forfeited complaint about his constitutional right to be free from cruel and unusual
punishment by failing to raise objection in the trial court on that basis); Noland v. State, 264
S.W.3d 144, 151-52 (Tex. App.-Houston [1st Dist.] 2007, pet. ref'd) (defendant failed to
preserve Eighth Amendment argument that he received disproportionate sentence); Trevino
v. State, 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005, pet. ref'd) (defendant, by
failing to preserve error, forfeited complaint that the trial court's sentence was cruel and
unusual); Solis v. State, 945 S.W.2d 300, 301 (Tex. App.-Houston [1st Dist.] 1997, pet.
ref'd) (defendant waived complaint about the disproportionality of sentence by failing to
object in the trial court). Because Limbrick did not raise any objections when the trial court
sentenced him, and because he subsequently did not file any post-sentence motions 
complaining about the length of his sentences, we hold that he waived his complaints
regarding the length of his respective sentences. We overrule issues one and two. 

 In his third issue, Limbrick complains that his trial counsel rendered ineffective
assistance by failing to object to his sentences and by failing to file post-judgment motions. 
Appellate courts review claims of ineffective assistance of counsel under the standards set
out in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). 
The defendant must show his counsel's performance was deficient and that the deficient
performance prejudiced his defense. Id.; Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002). Recently, the Texas Court of Criminal Appeals reiterated the Strickland standard for
ineffective-assistance claims as follows:

 To succeed on an ineffective-assistance claim, the defendant must show that: 
(1) counsel's performance was deficient and (2) the deficient performance
prejudiced the defense. To show deficient performance, the defendant must
prove by a preponderance of the evidence that his counsel's representation fell
below the standard of professional norms. To demonstrate prejudice, the
defendant must show a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. 


Garza v. State, 213 S.W.3d 338, 347-48 (Tex. Crim. App. 2007) (footnotes omitted) (citing
Strickland, 466 U.S. at 687-88, 694). "A reasonable probability is a probability sufficient to
undermine confidence in the outcome." Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). But, as Garza explained, our review of ineffective-assistance claims is "highly
deferential" to trial counsel as we presume "that counsel's actions fell within the wide range
of reasonable and professional assistance." Garza, 213 S.W.3d at 348 (citing Bone, 77
S.W.3d at 833; Chambers v. State, 903 S.W.2d 21, 33 (Tex. Crim. App. 1995)). 

 In general, if the assessed punishment is within the range proscribed by the
Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. See Jordan
v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Harris v. State, 204 S.W.3d 19, 29
(Tex. App.-Houston [14th Dist.] 2006, pet. ref'd). Further, the trial court's cumulation of
multiple sentences does not generally constitute a cruel and unusual punishment. See Stevens
v. State, 667 S.W.2d 534, 538 (Tex. Crim. App. 1984). Nevertheless, a sentence that falls
within the range permitted by statute may still run afoul of the Eight Amendment prohibition
against cruel and unusual punishment if the punishment is grossly disproportionate to the
crime committed. Solem v. Helm, 463 U.S. 277, 288-290, 103 S.Ct. 3001, 77 L.Ed.2d 637
(1983); Hicks v. State, 15 S.W.3d 626, 632 (Tex. App.-Houston [14th Dist.] 2000, pet ref'd). 
 Punishment is grossly disproportionate to a crime only when an objective comparison
of the gravity of the offense against the severity of the sentence reveals that the trial court's
sentence was extreme. Harmelin v. Michigan, 501 U.S. 957, 1004-006, 111 S.Ct. 2680, 115
L.Ed.2d 836 (1991); Hicks, 15 S.W.3d at 632. In reviewing the proportionality of a sentence,
an appellate court considers the gravity of the offense and the harshness of the penalty; if the
sentence is grossly disproportionate to the crime, appellate courts next consider the sentences
imposed upon other criminals in the same jurisdiction and the sentences imposed for the
commission of the same crime in other jurisdictions. McGruder v. Puckett, 954 F.2d 313,
316 (5th Cir.), cert. denied, 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992); see also
Harmelin, 501 U.S. at 1005; Solem, 463 U.S. at 290. 

 In this case, Limbrick did not file any post-trial motions. As a result, Limbrick's trial
counsel had no opportunity to explain his strategy at the punishment hearing. In the absence
of evidence, we generally are unable to conclude that trial counsel's decisions were not
grounded on a reasonable appreciation of the circumstances given the facts of the particular
case. 

 Because the trial court's record concerning Limbrick's claim that he received 
excessive sentences is undeveloped, Limbrick refers us to several cases that address
excessive sentences in an effort to demonstrate that he received excessive sentences. In
support of his argument that the trial court should have considered his claims of mental
impairment, Limbrick cites to death penalty cases, including Atkins v. Virginia, 536 U.S. 304,
321,122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), which held that executing mentally retarded
criminals is prohibited by the Eighth Amendment's prohibition against cruel and unusual
punishments. But, Limbrick's evidence did not show that he is mentally retarded. Moreover,
it appears the trial court considered Limbrick's explanation for his crimes, as the record of
the punishment hearing reflects that Limbrick told the trial court that he was "bipolar," had
been diagnosed with "ADHD," and that he suffered from "temper tantrums." In summary,
the record does not reflect that the trial court excluded any evidence that Limbrick attempted
to offer that related to his medical condition. Moreover, Limbrick presented no evidence that
his symptoms impaired his ability to understand the legal proceedings or the charges against
him, or that any alleged mental deficiency prevented him from communicating with an
attorney with a reasonable degree of rational understanding.

 Limbrick's brief cites seven cases to support his claim that his sentences were
excessive. After reviewing the cases, we find that they all involve defendants convicted of
aggravated assault instead of convictions involving possession of a controlled substance,
which is at issue in this case. We conclude that he has failed to compare either of his
sentences to other defendants who committed the same offenses, either within Texas or in
other jurisdictions. 

 In conclusion, though Limbrick's sentences are the maximum terms of confinement
authorized by the applicable statutes, they are within the range the Legislature determined 
to be appropriate punishments for these crimes. See Tex. Pen. Code Ann. §§ 12.34,12.35,
22.04(a)(3), (f); Tex. Health & Safety Code Ann. §§ 481.102; 481.115(c). Because
Limbrick's offenses were not part of the same criminal episode, the trial court also had
discretion to cumulate Limbrick's sentences. See Tex. Pen. Code Ann. § 3.01 (Vernon
2003), § 3.03 (Vernon Supp. 2009); Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon Supp.
2009). Based on the evidence before us, we are not able to conclude that Limbrick received 
ineffective assistance of trial counsel. (4) See Bone, 77 S.W.3d at 833 (noting that in the
majority of cases on a direct appeal, the trial court record is not sufficiently developed to
adequately reflect the failings of trial counsel). Further, having reviewed the record, we are
unable to conclude that no competent attorney would have employed the possible strategy
reflected by the record. 

 Accordingly, we overrule Limbrick's third issue and affirm the trial court's judgments
in Trial Cause Numbers 97515 and 94686.

 AFFIRMED. 




 ____________________________

 HOLLIS HORTON

 Justice


Submitted on December 31, 2009

Opinion Delivered January 20, 2010

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.

1. We cite to the current version of the Texas Health and Safety Code, Texas Penal
Code, and Texas Code of Criminal Procedure throughout this opinion because the
amendments to the cited provisions have no bearing on the law at issue in this appeal.
2. The respective appellate cause numbers for the cases are No. 09-09-00214-CR and
No. 09-09-00229-CR.
3. The punishment range for a third-degree felony possession of a controlled substance,
cocaine, is confinement of two to ten years. Tex. Pen. Code Ann. § 12.34 (Vernon Supp.
2009); Tex. Health & Safety Code Ann. §§ 481.102(3)(D) (including cocaine as a penalty
group one substance); 481.115(c) (explaining that possession of controlled substances
included in penalty group one is a third-degree felony if the substance weighs more than one
gram but less than four grams) (Vernon Supp. 2009). The punishment range for recklessly
injuring a child, a state jail felony, is confinement for one-hundred-eighty days to two years. 
See Tex. Pen. Code Ann. §§ 12.35, 22.04(a)(3), (f) (explaining that reckless injury to a child
is a state jail felony) (Vernon Supp. 2009).
4. Relief in appropriate cases for claims of ineffective assistance of counsel is generally
available through an application for writ of habeas corpus. See Thompson v. State, 9 S.W.3d
808, 814-15 (Tex. Crim. App. 1999).