Jose Antonio RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–01–00186–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 8, 2002.

Decided Jan. 31, 2002.

Alex Tyra, Longview, for appellant

Andy Porter, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Jose Antonio Rodriguez appeals a trial court judgment adjudicating him guilty of deadly conduct, Tex. Pen.Code Ann. § 22.05 (Vernon 1994), and setting his punishment at ten years' imprisonment. Rodriguez was originally indicted for aggravated assault and deadly conduct by the discharge of a firearm. Pursuant to a plea bargaining agreement in which the State dismissed the aggravated assault charge, Rodriguez entered a plea of guilty to the deadly conduct charge. The trial court deferred adjudication and placed Rodriguez on community supervision for a term of five years. On February 3, 2000, the State filed an application alleging that Rodriguez violated conditions of his community supervision. The trial court imposed an additional condition of community supervision. Later, on May 22, 2001, the State filed an amended application for adjudication of guilt, alleging that Rodriguez violated the terms of his community supervision by violating the laws in the following respects: 1) on May 19, 2001, intentionally and knowingly causing the penetration of the female sexual organ of A. Rodriguez by his sexual organ without her consent;

2) on May 19, 2001, intentionally causing bodily injury to A. Rodriguez by striking her with his hand; and 3) on February (sic) 19, 2001, intentionally causing bodily injury to A. Rodriguez by striking her with his hand. The "A. Rodriguez" referred to therein is Alta Marie Rodriguez, who is married to Jose Antonio Rodriguez.

After a hearing at which Floyd McElroy, Jose Rodriguez' community supervision officer, and Alta Rodriguez testified, the trial court found the allegations in the State's motion true and formally adjudicated Rodriguez guilty of the offense of deadly conduct as charged in the original indictment. The trial court sentenced Rodriguez to ten years' imprisonment.

■ On appeal, Rodriguez' sole point of error is that the ten-year sentence imposed by the trial court is disproportionate to the offense. Rodriguez has failed to preserve this issue. He made no objection to the sentence imposed on the ground that it was disproportionate to the crime, or on any other ground, at the time it was imposed. In *Jackson v. State*, 989 S.W.2d 842, 845 (Tex.App.-Texarkana 1999, no pet.), we held that a defendant is required to raise in the trial court at the time the sentence is imposed any objection he might have on the ground of disproportionality. *Id.*

■ Even if properly preserved, the Rodriguez claim is not valid. As a general rule, Texas courts hold that so long as the punishment imposed is within the limits prescribed by a valid statute, the punishment is not excessive, cruel, or unusual. *McNew v. State*, 608 S.W.2d 166, 174 (Tex. Crim.App.1978); *Latham v. State*, 20 S.W.3d 63, 68 (Tex.App.-Texarkana 2000, pet. ref'd); *Jackson v. State*, 989 S.W.2d at 846.

■ The offense of deadly conduct by the discharge of a firearm is, under Tex.

PEN.CODE ANN. § 22.05(b), a third-degree felony punishable by a term of imprisonment of not more than ten or less than two years. TEX. PEN.CODE ANN. § 12.34(a) (Vernon 1994). As Rodriguez' sentence falls within this range, he cannot claim that his sentence is excessive or constitutes cruel or unusual punishment.

■ Rodriguez correctly points out that we have held that a prohibition against disproportionate punishment is recognized under the Eighth Amendment to the United States Constitution apart from the issue of whether the punishment falls within the limits imposed by the Legislature. *Latham v. State*, 20 S.W.3d at 68–69; *Jackson v. State*, 989 S.W.2d at 845.

Rodriguez stipulated the evidence as to the original offense. The reports filed as stipulated evidence show that Rodriguez fired a gun at another person in connection with gang-related activity. Rodriguez stated at his original plea hearing that he was pleading guilty because he was guilty. At the revocation hearing, Alta Rodriguez testified that he struck her and forced her, over her objections, to have sexual relations with him. There was no testimony of the contents of the presentence (PSI) investigation report, which was not introduced into evidence.

■ Based on the facts of the underlying offense and the nature of the violations of the conditions of community supervision, we find that the sentence is not disproportionate to the crime. We are not required, therefore, to compare the punishment imposed in this case with punishments imposed for this and similar crimes in this and other jurisdictions. Further, Rodriguez produced no evidence of sentences for similar crimes in this or other jurisdictions, either before the trial court or in his brief to this Court. *Latham v. State*, 20 S.W.3d at 69.

Although not designated as a separate issue on appeal, Rodriguez contends in his brief that the appeal should be abated until the PSI report is made a part of the record in this case.

■ The record indicates that a PSI report was ordered after Rodriguez' original plea hearing and that counsel properly designated the PSI report as part of the record on appeal. At the revocation hearing, neither side referred to this report when arguing on an appropriate punishment at the punishment stage of the trial. The PSI report is not part of the mandatory record that the trial court clerk is required to provide in every criminal appeal. TEX.R.APP. P. 34.5(a)(2). The appellate rules also state that in the case of both the clerk's record and the reporter's record, if something relevant is omitted, the trial court, the appellate court, or any party may direct the clerk of court or the court reporter, as the case may be, to prepare, certify, and file in the appellate court a supplement containing the omitted portion. TEX.R.APP. P. 34.5(c)(1), 34.6(d). There is no question of our authority in this case to order the record supplemented with the PSI report. *Ruffin v. State*, 3 S.W.3d 140, 145 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd).

However, we decline to abate the appeal and order the record supplemented. Rodriguez has failed to demonstrate how he was harmed by the absence of the report from the record. Clearly he could have requested that the record be supplemented, filed a motion with this Court requesting supplementation, or made a separate issue on appeal contending that the record was not complete. In *Ruffin v. State*, the appellant contended that the trial court erred in failing to order a PSI report, to which the State responded that there was such a report, but that it was not in the appellate record because neither party in-

781

troduced it into evidence. Further, appellant contended that the PSI report was defective because it did not contain the required alcohol and drug evaluations. It is clear that in *Ruffin v. State* an actual copy of the report would be necessary for the Houston Court of Appeals to rule on these questions. Upon the production of the report in the record, the first issue was resolved, and upon a reading of that report, the second issue was resolved. *Ruffin v. State*, 3 S.W.3d at 145.

In this case, Rodriguez fails to demonstrate prejudice or harm from the absence of the report in the record. For example, he does not argue that a specific item or items shown in that report and not considered by the trial court would require that his maximum sentence be mitigated.[1]

We find no reversible error. The judgment of the trial court is affirmed.

---

1. This is certainly not to condone or excuse the failure of the clerk or reporter to include documents, specifically requested by one of the parties, in the record on appeal.