In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00075-CR
______________________________


NEVIL BRAY ANDERSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30481-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Nevil Bray Anderson appeals from his conviction on his open plea of guilty to the trial court
for driving while intoxicated, subsequent offense. The range of punishment was between two and
ten years' imprisonment, and a $10,000.00 fine. See Tex. Pen. Code Ann. § 12.34 (Vernon 2003),
§ 49.09(b) (Vernon Supp. 2004–2005). The trial court assessed Anderson's punishment at six years'
imprisonment.
            Anderson contends in a single issue that the punishment assessed is constitutionally infirm
because it is disproportionate to the offense. 
            Before we can address this issue on the merits, it must be preserved for our review. In
Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.—Texarkana 1999, no pet.), we held that a
defendant is required to raise in the trial court at the time the sentence is imposed any objection he
or she might have on the ground of disproportionality. In this case, Anderson did not present this
issue to the trial court by any means, by objection or otherwise; therefore, he did not preserve it for
our review. See Tex. R. App. P. 33.1(a); Hookie v. State, 136 S.W.3d 671, 679–80 (Tex.
App.—Texarkana 2004, no pet.); Alberto v. State, 100 S.W.3d 528, 529–30 (Tex. App.—Texarkana
2003, no pet.); Rodriguez v. State, 71 S.W.3d 778, 779 (Tex. App.—Texarkana 2002, no pet.);
Jackson, 989 S.W.2d at 844; Solis v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.]
1997, pet. ref'd). Here, Anderson filed a motion for new trial asserting"the punishment verdict is
contrary to the law and the evidence in this case." This general, nonspecific objection does not
preserve the issue now raised. See Stevens v. State, 667 S.W.2d 534, 538 (Tex. Crim. App. 1984).
            We affirm the judgment.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          December 23, 2004
Date Decided:             January 7, 2005

Do Not Publish



ht: 0.416667in">I. Procedural History
          The background of this case is procedurally more complex than the above synopsis
might otherwise suggest. The indictment in this case is but one of six the grand jury
originally returned against Cano, and each of those indictments concerned a different
complainant. Additionally, each of the six indictments contained multiple counts—with the
exception of the indictment in a companion appeal, Cano v. State, cause number 06-05-00248-CR. And to then further complicate matters, the State elected to consolidate all six
cases into a single jury trial. See Tex. Pen. Code Ann. § 3.02 (Vernon 2003). After both
sides had presented their respective cases, but before submitting them to the jury, the trial
court granted Cano's motions for directed verdicts in two of the cases. The jury
subsequently found Cano guilty in the remaining cases of all counts, with the single
exception of the third of three counts in a companion appeal. See Cano v. State, cause
number 06-05-00247-CR. In all, the State secured nine different convictions against Cano. 
With this procedural background in mind, we turn to the issues Cano presents in this
appeal. 
II. Evidentiary Sufficiency
          Cano contends the evidence is legally and factually insufficient to support his
conviction because neither A.M. (the complainant in this case) nor any of the complainants
in Cano's companion appeals ever identified Cano in open court as the person who had
sexually assaulted him. In reviewing the legal sufficiency of the evidence, we view the
relevant evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In our review
of the evidence for factual sufficiency, we view all the evidence in a neutral light and
determine whether the evidence supporting the verdict is too weak to support the finding
of guilt beyond a reasonable doubt or if evidence contrary to the verdict is strong enough
that the beyond-a-reasonable-doubt standard could not have been met. Threadgill v.
State, 146 S.W.3d 654, 664 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d
477, 486 (Tex. Crim. App. 2004)). 
          A.M. was eight years old by the time Cano's cases went to trial. A.M. testified that,
when he was younger, a man named "Mario Cano" had been in A.M.'s home and the man
put his "parte privado" (the Spanish term for "private part") in A.M.'s mouth. The two were
alone in the home of Paulina Dominguez at the time of this assault. A.M. did not, however,
identify the appellant in this case as being the same "Mario Cano" that had sexually
assaulted him. Similarly, the complainants in Cano's other cases provided specific
testimony regarding their victimization, but none were asked to identify Cano in open court
as being the same "Mario" or "Mario Cano" about whom they had testified as having
perpetrated the crimes. Accordingly, there would seem to be an apparent evidentiary
disconnect between the evidence of abuse (which was provided through the complainants'
various testimony) and the identification of Cano as being the same person who committed
the crimes identified in the complainants' testimony.
          The complainants' testimony did not, however, constitute the entirety of the State's
evidence. Dominguez also testified. She identified Cano in open court as being the same
"Mario" who had lived with the family, as being the person who cared for A.M. and the
other children when the other adults went to work, as being the person who celebrated
holidays and other special occasions with A.M. and his extended family, and as being the
same person about whom all the complainants had made outcries of sexual abuse. 
 
 
          Identity of the person committing a crime may be proven by circumstantial evidence. 
Earls v. State, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986). No formalized procedure is
required to prove the identity of the accused. Proof by circumstantial evidence is not
subject to a more rigorous standard than proof by direct evidence. Roberson v. State, 16
S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd); see Couchman v. State, 3 S.W.3d
155, 162–63 (Tex. App.—Fort Worth 1999, pet. ref'd) (proof a person named "Tony" 
improperly touched complainant found to be sufficient evidence when combined with 
testimony of grandmother of complainant who testified the defendant was called "Tony"
and identified defendant as the "Tony" she was referring to).
          Given Dominguez' additional and specific testimony, we believe the jury had before
it legally sufficient evidence to link A.M.'s allegations of sexual assault to Cano. On appeal,
Cano tangentially suggests that someone else who had lived in the house might have
committed these acts. But there is no evidence in the record to link anyone other than
Cano to A.M.'s outcries of abuse. The State's outcry witness specifically identified Cano
as being the person about whom the children had complained, and Cano did not bring forth
any evidence in the court below that there were others who had lived in that house who
could be linked to these allegations of sexual assault. Thus, we cannot say that this
complete absence of contrary evidence is sufficient to outweigh all the evidence supporting
the jury's verdict. And, after a thorough review of the record, we also cannot say there is
anything about the jury's verdict that "shocks the conscience" or otherwise appears to be
manifestly unjust. Accordingly, we overrule Cano's first and second points of error. 
III. Conclusion
          Finding the evidence both legally and factually sufficient to support the identification
of Cano as the same "Mario" identified by the complainant as being the assailant, we affirm
the trial court's judgment.

 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      July 28, 2006
Date Decided:         August 22, 2006

Do Not Publish