In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00048-CR
______________________________


MICHAEL CLOYD PITTS, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30709-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Michael Cloyd Pitts pled guilty to two different charges of driving while intoxicated,
subsequent offense, each a third-degree felony. See Tex. Pen. Code Ann. Â§ 49.04(a) (Vernon 2003),
Â§ 49.09(b) (Vernon Supp. 2004â2005). The cases were then submitted to a jury for punishment. 
The jury recommended Pitts receive six years' imprisonment in one case and ten years' imprisonment
in the other; the trial court ordered that Pitts' sentence in the second case be served consecutively to
the sentence in the first case. Pitts appealed the judgments separately, but he raises the same issue
in each case: Pitts contends his sentences are disproportionate to his crimes.


 
Â Â Â Â Â Â Â Â Â Â Â Â Before we can address this issue on the merits, it must be preserved for our review. In
Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.âTexarkana 1999, no pet.), we held that a
defendant is required to raise in the trial court at the time the sentence is imposed any objection he
or she might have on the ground of disproportionality. In this case, Pitts did not present this issue
to the trial court by any means, objection or otherwise; therefore, he did not preserve it for our
review. See Tex. R. App. P. 33.1(a); Alberto v. State, 100 S.W.3d 528, 529â30 (Tex.
App.âTexarkana 2003, no pet.); Rodriguez v. State, 71 S.W.3d 778, 779 (Tex. App.âTexarkana
2002, no pet.); Jackson, 989 S.W.2d at 844. 
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment.



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â January 6, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â January 7, 2005

Do Not Publish



rity="66" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium List 2 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00014-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN THE INTEREST OF S.K.S., A CHILD

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 76th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Titus County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 34,830

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  After
a long history of drug abuse by Jerry and Christy Smith and the incarceration
of both, their parental rights to S.K.S. were terminated.Â  The Smiths appeal, urging three appellate
issues.Â  We affirm the judgment of the
trial court, becauseÂalthough (1) a statement of points on appeal was
adequately filedÂ(2) no due-process-deprivation error was preserved for appellate review and (3) the evidentiary
sufficiency issues on appeal were not in the statement of points.

Â Â Â Â Â Â Â Â Â Â Â  Jerry
is incarcerated.Â  S.K.S. was removed from
ChristyÂs possession when she reported to a battered womenÂs shelter.Â  At the time of the termination, both Jerry
and Christy were in jail.Â  In addition to
the drug abuse by both parents, the record shows that Jerry beat Christy
severely on several occasions, but that she kept coming back to him.Â  Ultimately, Jerry and Christy ran away with
S.K.S. when Jerry learned he was about to be arrested.

Â Â Â Â Â Â Â Â Â Â Â  The
order of termination was signed January 31, 2011.Â  A premature notice of appeal was filed by the
Smiths, pro se, January 25, 2011.Â  A
notice of accelerated appeal was filed by appointed counsel February 10,
2011.Â  That notice contains a Âstatement
of points on appeal.ÂÂ  Those points read
as follows.

Point 1:Â 
RespondentsÂ constitutional rights to rear their child free from
interference by the government has been violated by the trial courtÂs failure
to apply the due process standards set by the United States and Texas
Constitutions and by the Texas Legislature in Chapter 263 of the Texas Family
Code.

Â 

Point 2:Â 
The evidence presented at final hearing of this matter is legally
insufficient to support the CourtÂs ruling terminating the natural parentsÂ
parental rights is in the best interests of the child.

Â 

Point 3:Â 
The evidence presented at final hearing of this matter is factually
insufficient to support the CourtÂs ruling terminating the natural parentsÂ
parental rights is in the best interests of the child.

Â 

(1)Â Â Â Â Â Â Â  A Statement of Points
on Appeal Was Adequately Filed

Â Â Â Â Â Â Â Â Â Â Â  As
a threshold matter, the State argues that the Smiths did not properly present a
statement of points to the Court and therefore must fail in their appeal.Â  Section 263.405 of the Texas Family Code
contains the requirements for statements of points.Â  The first argument made by the State is that
the points were not properly presented because they were part of a notice of
appeal, rather than either being presented separately or as part of a motion
for new trial.

Â Â Â Â Â Â Â Â Â Â Â  Â Â[A] party who intends to . . . appeal . . .
must file with the trial court . . . a statement of the point or points on
which the party intends to appeal.ÂÂ  Tex. Fam.
Code Ann. Â§ 263.405(b) (West 2008).Â  The statute specifically allows the statement
to be combined with a motion for new trial.

Â Â Â Â Â Â Â Â Â Â Â  We
do not read that section as restrictively as the State.Â  The State argues that points are adequately
presented only if filed in a separate statement of points or as part of a
motion for new trial.Â  In this instance,
the statement of points (although separately labeled) was contained within the
notice of appeal, and that document was timely filed as a statement of
points.Â  Further, the language of the
order granting appointed counsel makes it clear that the document was
recognized by the trial court, as the order refers to the notice of appeal and
the statement of points on appeal set forth therein.

Â Â Â Â Â Â Â Â Â Â Â  We
find this to be sufficient to meet the requirements of the statute.Â  We do not read the statute as providing only
particular formats in which the statement of points may be presented to the
Court, although sufficient clarity to identify the points would certainly be
necessary.Â  Such exists in this case, and
its presentation to the Court within the SmithsÂ notice of appeal is sufficient
to meet the requirements of the statute.

Â Â Â Â Â Â Â Â Â Â Â  All
three issues presented on appeal complain of failures with regard to the
service-plan requirements of Sections 263.101 and 263.102 of the Texas Family
Code.Â  By contrast, the statement of
points on appeal never complains of either of those sections or the alleged
service plan defects.

(2)Â Â Â Â Â Â Â  No
Due-Process-Deprivation Error Was Preserved for Appellate Review

Â Â Â Â Â Â Â Â Â Â Â  The
Smiths first assert a due process deprivation in the trial courtÂs failure to
apply due process standards set out by the State and Federal Constitutions and
by Chapter 263 of the Texas Family Code, specifically by not preparing a Family
Service Plan for Jerry and by presenting a plan for Christy that could not be
followed because it required her to appear for examinations, counseling,
parenting classes, and drug screens that could not take placeÂbecause both
Jerry and Christy were incarcerated.[1]

Â Â Â Â Â Â Â Â Â Â Â  The
State contends that we should not address the constitutional issues raised by
the Smiths because they were inadequately set out in the points[2]
or because they were not raised before the trial court.Â  Because we agree with the latter contention,
we need not address the former.

Â Â Â Â Â Â Â Â Â Â Â  On
appeal, the Smiths argue that failures with regard to the service plan deny
them due process.Â  This was never
preserved by raising it with the trial court.

Â Â Â Â Â Â Â Â Â Â Â  Issues
raised on appeal are to direct our attention to error in the trial court. Â See
generally Tex. R. App. P. 33.1.Â  Due process and other alleged constitutional
violations also must be raised in the trial court for them to be preserved for
appellate review.Â  In re L.M.I., 119 S.W.3d 707, 710Â11 (Tex. 2003); In re K.A.S., 131 S.W.3d 215, 230Â31
(Tex. App.ÂFort Worth 2004, pet. denied); see
also In re B.L.D., 113 S.W.3d 340,
349Â55 (Tex. 2003) (discussing preservation of error in termination
cases).Â Â  Further, any objection must be
made in a timely fashion.Â  Tex. R. App. P. 33.1.Â  In this
case, the issue raised here was not even hinted at until, after judgment, a
statement of points was filed. Â Also, the
complaints regarding the service plan were not mentioned until the Smiths filed
their appellate brief.Â  That is
insufficient to preserve the alleged error for our review.Â  See
L.M.I., 119 S.W.3d at 710.

Generally,
our civil rules of procedure and our decisions thereunder require a party to
apprise a trial court of its error before that error can become the basis for
reversal of a judgment. 

Â 

Â In re C.O.S., 988 S.W.2d 760, 765 (Tex. 1999).

Â 

Â Â Â Â Â Â Â Â Â Â Â  Because
the due-process-deprivation issue raised here was not raised with the trial
court, it was not preserved for our review.

(3)Â Â Â Â Â Â Â  The Evidentiary
Sufficiency Issues on Appeal Were Not in the Statement of Points

Â Â Â Â Â Â Â Â Â Â Â  In
their brief, the Smiths complain that the evidence is legally and factually
insufficient to support termination, because there was no adequate service plan
provided by the Department.Â  Points 2 and
3 as stated in the statement of points, however, claim evidentiary
insufficiency to prove that termination was in the best interest of S.K.S.,
never mentioning the service plan.Â  The
issues claimed on appeal are not those stated in the statement of points.Â  

Â Â Â Â Â Â Â Â Â Â Â  As
to these points, we have jurisdiction to address only whether the evidence is
sufficient to demonstrate that termination is in S.K.S.Âs best interest.Â  Even if we read the SmithsÂ briefing as
arguing that, because of failures relative to a service plan, the evidence is
insufficient to prove best interest, the arguments fail; the alleged failure
regarding a service plan does not bear on the best-interest issue.

Â Â Â Â Â Â Â Â Â Â Â  We affirm the judgment
of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Chief Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  June 8, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  June 21,
2011











[1]The
SmithsÂ evidentiary sufficiency arguments are largely predicated on the failure
of the Department of Family and Protective Services (Department) to provide
these plans.





[2]The
constitutional claim set out in the statement of points was quite general,
complaining only generally that the trial court failed to apply due process
standards set by the State and Federal Constitutions and by Chapter 263 of the
Texas Family Code.Â  It is difficult to
see how that notifies anyone of the SmithsÂ intent to complain on appeal about
alleged failures to comply with the service plan requirements of Sections
263.101Â.102 of the Texas Family Code.Â  See Tex.
Fam. Code Ann. Â§Â§ 263.101Â.102 (West 2008).