In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-204 CR


____________________



JOSEPH ANTHONY HUERELL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Court Cause No. 15,197






MEMORANDUM OPINION


 Joseph Anthony Huerell originally pled guilty to the enhanced offense of theft of a
firearm. (1) The trial court deferred adjudication of guilt and placed Huerell on community
supervision for ten years. After finding Huerell violated his probation terms, the trial
court adjudicated him guilty and sentenced him to twenty years in prison. Huerell appeals
with four issues. 

 A plea-bargaining defendant may only appeal those matters relating to motions (2) filed
and ruled on before trial or if the trial court gives him permission to appeal. See Tex. R.
App. P.25.2 (a). If the plea-bargaining defendant is given deferred adjudication, case-law
and Article 42.12, section 5(b) of the Code of Criminal Procedure also impact what he
may appeal. Subject to two exceptions, (3) this defendant must raise issues relating to the
original plea proceeding in appeals taken when deferred adjudication community
supervision is first imposed. See Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim.
App. 1999); see also Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). Once
the deferred adjudication, plea-bargaining defendant has been given community
supervision, he may not appeal from the trial court's subsequent determination to
adjudicate guilt. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.
2005). The defendant may, however, appeal matters unrelated to the conviction. See Ex
parte Brown, No. AP-73,932, 2005 Tex. Crim. App. Lexis 7, at *7 (Tex. Crim. App. Jan.
12, 2005) ("Although no appeal may be taken from a trial court's decision to proceed with
adjudication of guilt, the deferred-adjudication statute expressly permits a defendant to
appeal the assessment of punishment."); Vidaurri v. State, 49 S.W.3d 880, 885 (Tex.
Crim. App. 2001).

 Here, the trial court certified the defendant's right to appeal with the following
language: This is "not a plea bargain case, and the Defendant has the right of appeal[.]" 
The record reveals there was a plea bargain. Only to the extent that plea-bargaining
defendants in deferred adjudication cases have a limited right of appeal, the trial court
correctly certified Huerell has a right to appeal. 

 In his first and fourth issues, Huerell complains of the legal and factual sufficiency
of the evidence to support the trial court's revocation of his community supervision. 
Article 42.12, section 5(b) prohibits contentions of insufficient evidence to support
revocation of deferred adjudication community supervision. See Connolly v. State, 983
S.W.2d 738, 740-41 (Tex. Crim. App. 1999) (no appeal from trial court's determination
to adjudicate guilt). We do not have authority to address issues one and four. 

 In issue two, Huerell argues the trial court erred in assessing punishment. He says
the trial judge did not consider the full range of punishment, imposed a predetermined
sentence, and failed to consider the "conflicting testimony" and Huerell's "situational
factors." Huerell did not object at trial on the grounds he raises in issue two; he has
waived these issues. See Tex. R. App. P. 33.1; See Jackson v. State, 989 S.W.2d 842,
844 (Tex. App.--Texarkana 1999, no pet.). Even if he preserved error, there is no
evidence in the record supporting these claims. During the punishment hearing, three law
enforcement officials testified Huerell did not have a reputation as a law-abiding citizen,
and one indicated Huerell had a reputation as a "dope dealer." Huerell admitted during
his own testimony he was a crack addict, had been convicted of three felonies (forgery,
robbery, and delivery of a controlled substance), and had been imprisoned twice. At the
time he committed the theft of firearm offense, he was on probation for burglary of a
building. Huerell did not accept responsibility for this conduct. He also testified he
obtained his GED, took college courses, and was a "role model probationer" and
"productive" father, son, and brother. During the adjudication hearing, the trial court
found he had violated the conditions of his community supervision terms by delivering
controlled substances on three occasions and committing aggravated assault. In assessing
punishment, the trial judge was free to consider all the evidence before him. Nothing in
the record suggests he did not consider the evidence, predetermined the sentence, or failed
to consider the full range of punishment. Issue two is overruled. 

 In issue three, Huerell argues his sentence is disproportionate to the gravity of the
offense under the Eighth Amendment to the United States Constitution and article I, section
13, of the Texas Constitution. Appellant did not object on these grounds below. See Tex.
R. App. P. 33.1(a); Castaneda v. State, 135 S.W.3d 719, 725 (Tex. App.-- Dallas 2003,
no pet); Rodriguez v. State, 71 S.W.3d 778, 779 (Tex. App.--Texarkana 2002, no pet.);
Hernandez v. State, 10 S.W.3d 812, 816 (Tex. App.--Beaumont 2000, pet. ref'd). Even
if preserved, Huerell's disproportionality claim is not valid. As a general rule, the
punishment is not cruel and unusual if it is within the range prescribed by law. See
Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Baldridge v. State, 77
S.W.3d 890, 893-94 (Tex. App.--Houston [14th Dist. 2002, pet. ref'd). However, a
prohibition against grossly disproportionate punishment survives under the Eighth
Amendment apart from any consideration of whether the punishment assessed is within the
range allowed by law. See Fluellen v. State, 71 S.W.3d 870, 873 (Tex. App.--Texarkana
2002, pet. ref'd). In considering whether the sentence is grossly disproportionate to the
offense, we not only look at the present offense, but also an accused's criminal history. 
See Davis v. State, 119 S.W.3d 359, 363 (Tex. App.--Waco 2003, pet ref'd); see also
McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992). Huerell relies on testimony that
he was doing "well" following his substance abuse treatment, but the trial court also heard
evidence of Huerell's record of three prior felonies and two imprisonments, as well as the
current offense. In view of the charged offense and his criminal history, we find the
sentence is not grossly disproportionate to the offense. Issue three is overruled.

 We dismiss the appeal of issues one and four, relating to the trial court's
determination to adjudicate guilt. The remaining issues relating to punishment are
overruled. 

 APPEAL DISMISSED IN PART; AFFIRMED.


 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on February 28, 2005

Opinion Delivered March 16, 2005

Do Not Publish


Before McKeithen, C.J., Gaultney, and Horton, JJ.

1. See Tex. Pen. Code Ann. § 12.42(a)(2) (Vernon Supp. 2005); Tex. Pen. Code
Ann. § 31.03(a),(b)(1)(2),(e)(4)(C) (Vernon Supp. 2005).
2. There are no pre-trial motions in the record. 
3. These exceptions are the "void judgment exception" and the "habeas corpus
exception." See Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001).