Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
MARK RAY SMITH,                                         )                  No. 08-03-00359-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  385th District Court
)
THE STATE OF TEXAS,                                   )                  of Midland County, Texas
)
                                    Appellee.                          )                  (TC# CR26650)

O P I N I O N

            Mark Ray Smith appeals his conviction of credit card abuse. Appellant waived his right to
a jury trial and entered a plea of guilty. The court deferred adjudicating Appellant’s guilt and placed
him on community supervision for a term of two years. The court subsequently found that Appellant
had violated the terms and conditions of community supervision by committing aggravated sexual
assault of a child and entered an adjudication of guilt. The court assessed punishment at confinement
in the state jail for two years and stacked that sentence on the sentences imposed in the aggravated
sexual assault case. On appeal, Appellant challenges the cumulation order. We affirm.
FACTUAL SUMMARY
            The trial court placed Appellant on deferred adjudication community supervision on July 5,
2001. On March 5, 2003, a Midland County grand jury returned a multiple count indictment (cause
number CR28264) against Appellant alleging that he had committed aggravated sexual assault of
two children, E.G. (Counts I, II, and III) and H.G. (Count IV), in March of 2002. Prior to jury trial,
the trial court granted Appellant’s motion to sever Count IV of the indictment from the first three
counts. On June 27, 2003, the State filed a motion to proceed with an adjudication of guilt based
on the allegations contained in the indictment. With the consent of the parties, the trial court heard
the motion to adjudicate contemporaneously with the jury trial in cause number CR28264. While
the jury deliberated guilt-innocence, the court heard Appellant’s testimony in the revocation
proceeding. Appellant’s testimony was interrupted by the jury’s verdict finding Appellant guilty of
Counts I, II, and III. The court immediately conducted the punishment phase of the aggravated
assault trial and Appellant testified before the jury. The jury assessed punishment at imprisonment
for twenty-five years with respect to each of the three counts. The court conducted a sentencing
hearing in both causes the following day. The court determined that the sentences in Counts I, II,
and III would run consecutively. After sentencing Appellant in cause number CR28264, the court
offered Appellant the opportunity to present additional evidence in the revocation case, but he
declined and asked the court to consider all of the evidence previously submitted. The court found
that Appellant had violated the terms and conditions of community supervision as alleged in the
motion to revoke and entered an adjudication of guilt. The court again asked the parties whether
they wished to present additional evidence on punishment. Neither the State nor Appellant
offered additional punishment evidence. The court assessed punishment at confinement in the state
jail for two years and further ordered that the sentence run consecutive to the sentences in cause
number CR28264. Appellant filed a notice of appeal in each case.



CONSECUTIVE SENTENCES
            In Point of Error One, Appellant contends the trial court abused its discretion by stacking the
sentences for the following reasons: (1) the judgment is void because the court assessed punishment
without hearing additional punishment evidence; and (2) the cases arise out of the same criminal
episode, and therefore, should run concurrently. We review the trial court’s decision to stack or
cumulate sentences for an abuse of discretion. Nicholas v. State, 56 S.W.3d 760, 764-65 (Tex.App.--Houston [14th Dist.] 2001, pet. ref’d); Macri v. State, 12 S.W.3d 505, 511 (Tex.App.--San Antonio
1999, pet. ref’d). The test for abuse of discretion is whether the trial court’s action falls within the
zone of reasonable disagreement. Manning v. State, 114 S.W.3d 922, 926 (Tex.Crim.App. 2003).             We understand Appellant to argue that the court abused its discretion when it failed to
conduct a separate punishment hearing following adjudication of guilt. See e.g., Hardeman v. State,
1 S.W.3d 689, 690 (Tex.Crim.App. 1999). Appellant candidly acknowledges that he did not object
or file a motion for new trial urging this ground, but maintains that he should still be allowed to raise
the issue. The Court of Criminal Appeals has repeatedly held that this issue must be preserved by
a timely objection, or by motion for new trial in circumstances where the defendant did not have an
opportunity to object at trial. See Vidaurri v. State, 49 S.W.3d 880, 886 (Tex.Crim.App. 2001);
Hardeman, 1 S.W.3d 690; Issa v. State, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992). Consequently,
we must conclude that Appellant failed to preserve the issue. Even if he had, the court conducted
a separate punishment hearing and asked Appellant whether he wished to present additional evidence
pertinent to punishment. Appellant declined the court’s invitation. Accordingly, Appellant’s
argument is without merit.
            Appellant next argues that cumulation is improper because the grounds for revocation and
the counts heard by the jury arose out of the same criminal episode, and therefore, the sentences must
run concurrently. Cumulative sentencing is permitted only as provided by statute. Cook v. State,
824 S.W.2d 634, 641 (Tex.App.--Dallas 1991), pet. ref’d, 828 S.W.2d 11 (Tex.Crim.App. 1992). 
When a defendant has been convicted in two or more cases, the trial court has discretion to order the
judgment and sentence imposed in the second conviction either (1) to begin to run after the judgment
and sentence imposed in the preceding conviction has ceased to operate, or (2) to run concurrently
with the judgment and sentence imposed in the preceding conviction. See Tex.Code Crim.Proc.
Ann. art. 42.08(a)(Vernon Pamph. 2004-05). If the convictions arise out of the “same criminal
episode” and the cases are tried together, the sentences must run concurrently unless the convictions
are for certain specified offenses, including sex crimes against children, and the trial court exercises
its discretion to cumulate or stack the sentences. See Tex.Pen.Code Ann. § 3.03 (Vernon 2003). 
Chapter 3 of the Penal Code defines “criminal episode” as the commission of two or more offenses
committed pursuant to the same transaction or pursuant to two or more transactions that are
connected or constitute a common scheme or plan, or as the repeated commission of the same or
similar offenses. Tex.Pen.Code Ann. § 3.01.
            While Appellant is correct that the aggravated sexual assault offenses served as the basis for
revocation of community supervision and adjudication of guilt, the underlying conviction in cause
number CR26650 is for credit card abuse committed on December 29, 2000. There is no evidence
that the credit card abuse conviction in cause number CR26650 and the aggravated sexual assault
convictions in cause number CR28264 arise out of the same criminal episode. Consequently,
Section 3.03a’s requirement that the sentences run concurrently does not apply. Finding no abuse
of discretion, we overrule Point of Error One.
CRUEL AND UNUSUAL PUNISHMENT
            In his second point of error, Appellant asserts that his cumulated sentence constitutes cruel
and unusual punishment under both the Eighth Amendment to the United States Constitution and
Article I, section 13 of the Texas Constitution because his punishment is grossly disproportionate
to the crime for which he was convicted. A timely objection or motion stating the specific grounds
for the ruling desired is required to preserve a complaint for appellate review. Tex.R.App.P. 33.1(a). 
Constitutional rights, including the right to be free from cruel and unusual punishment, may be
waived by failure to assert the right by a timely objection or motion. Rhoades v. State, 934 S.W.2d
113, 120 (Tex.Crim.App. 1996); Castaneda v. State, 135 S.W.3d 719, 723 (Tex.App.--Dallas 2003,
no pet.); Rodriguez v. State, 71 S.W.3d 778, 779 (Tex.App.--Texarkana 2002, no pet.). Appellant
acknowledges that he did not object or file a motion for new trial but, citing Ex parte Chambers


,
he argues that his failure to make a specific objection should be excused under the “right not
recognized” exception to the contemporaneous objection rule. The Court of Criminal Appeal’s
decision in Marin v. State, 851 S.W.2d 275 (Tex.Crim.App. 1993) generally eliminated the “right
not recognized” exception from our jurisprudence. Sanchez v. State, 120 S.W.3d 359, 367
(Tex.Crim.App. 2003). We are instead required to consider questions of “fundamental error” in the
Marin framework. Id. at 366. Marin identified and defined the three categories of rights belonging
to litigants: (1) “absolute requirements and prohibitions” or “systemic” rights which are not
waivable or forfeitable; (2) rights which are waivable only by affirmative action of the defendant;
and (3) forfeitable rights. Id. An objection is required for those matters falling in the third category. 
The Court of Criminal Appeals held in Rhoades that the defendant was required to preserve the cruel
and unusual punishment issue which he raised on appeal. Rhoades, 934 S.W.2d at 120. 
Additionally, several intermediate appellate court have specifically held in published decisions that
a disproportionate sentence complaint is a matter which must be preserved by a timely objection or
motion raised in the trial court. See Buster v. State, 144 S.W.3d 71, 81 (Tex.App.--Tyler 2004, no
pet.); Hookie v. State, 136 S.W.3d 671, 679-80 (Tex.App.--Texarkana 2004, no pet.); Castaneda v.
State, 135 S.W.3d 719, 723 (Tex.App.--Dallas 2003, no pet.); Rodriguez v. State, 71 S.W.3d 778,
779 (Tex.App.--Texarkana 2002, no pet.); Jackson v. State, 989 S.W.2d 842, 845 (Tex.App.--Texarkana 1999, no pet.). We agree that a disproportionate sentence issue is subject to procedural
default. Because Appellant did not object when the trial court imposed the two-year sentence and
ordered that it be served consecutively, the issue is not preserved for our review. Point of Error Two
is overruled. Having overruled both points of error, we affirm the judgment of the trial court.



May 31, 2005                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)