Opinion filed July 31,
2008

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00179-CR

                                                    __________

 

                             JOSEPH ARBIN GASKINS, III, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 142nd District Court

                                                        Midland
County, Texas

                                                 Trial
Court Cause No. CR28559

 



 

                                             M
E M O R A N D U M  O P I N I O N








Joseph
Arbin Gaskins, III, appellant, pleaded guilty to the second degree felony
offense of burglary of a habitation.  The trial court deferred adjudication of
guilt and placed appellant on community supervision for five years and assessed
a $500 fine.  After extending the term of appellant=s community supervision on two occasions, the
trial court found that appellant had violated the terms and conditions of his
community supervision, revoked his community supervision, adjudicated his
guilt, and assessed his punishment at ten years confinement.  Later, the trial
court suspended further execution of the sentence, placed appellant on
community supervision, and ordered appellant to a court residential treatment
facility for a term of confinement not to exceed twenty-four months.  The State
filed a motion and an amended motion to revoke appellant=s community supervision.  Appellant pleaded
true to all of the State=s
allegations.  The trial court found that appellant had violated the terms and
conditions of his community supervision, revoked his community supervision, and
imposed a sentence of confinement for three years.  We affirm.

In
his sole issue on appeal, appellant contends that the sentence imposed is
disproportionate to the gravity of the offense under both U.S. Const. amend. VIII and Tex. Const. art. I, ' 13. Appellant did not
raise the issue of a disproportionate sentence in the trial court.  Appellant=s failure to object in the
trial court to the alleged disproportionate sentence waived any error.  Wynn
v. State, 219 S.W.3d 54, 61 (Tex. App.CHouston
[1st Dist.] 2006, no pet.); Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.CHouston [1st
Dist.] 1997, pet. ref=d). 
However, even absent waiver, we conclude that appellant=s sentence was not grossly disproportionate to
the offense.

The
legislature is vested with the power to define crimes and prescribe penalties. 
See State ex rel. Smith v. Blackwell, 500 S.W.2d 97, 104 (Tex. Crim.
App. 1973); Simmons v. State, 944 S.W.2d 11, 15 (Tex. App.CTyler 1996, pet. ref=d); Davis v. State,
905 S.W.2d 655, 664 (Tex. App.CTexarkana
1995, pet. ref=d).  As
a general rule, punishment is not cruel and unusual if it falls within the
range of punishment established by the legislature.  Jackson v. State,
680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Dale v. State, 170 S.W.3d
797, 799 (Tex. App.CFort
Worth 2005, no pet.); Rodriguez v.
State, 71 S.W.3d 778, 779 (Tex. App.CTexarkana
2002, no pet.).  A narrow exception to this rule is recognized where the
sentence is grossly disproportionate to the offense.  Harmelin v. Michigan,
501 U.S. 957 (1991); Solem v. Helm, 463 U.S. 277, 290-91 (1983); Dale,
170 S.W.3d at 799.  A[O]utside
the context of capital punishment, successful challenges to the
proportionality of particular sentences [will be] exceedingly rare.@  Solem, 463 U.S. at
289-90 (quoting Rummel v. Estelle, 445 U.S. 263, 272 (1980)).








Solem
had suggested that, in determining the proportionality of a sentence, appellate
courts could consider three factors: (1) the gravity of the offense compared
with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the
same crime in other jurisdictions.  Solem, 463 U.S. at 292.  In light of
Harmelin, the test in Solem appears to have been reformulated as
an initial threshold comparison of the gravity of the offense with the severity
of the sentence.  Then, if that initial comparison created an inference that
the sentence was grossly disproportionate to the offense, an appellate court
should consider the other two Solem factors: (1) sentences for similar
crimes in the same jurisdiction and (2) sentences for the same crime in other
jurisdictions.  See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.CTexarkana 2006, no pet.); Lackey
v. State, 881 S.W.2d 418, 420-21 (Tex. App.CDallas
1994, pet. ref=d).

In
this case, appellant committed a second degree felony offense of burglary of a
habitation.  The punishment for a second degree felony is Aimprisonment in the
institutional division for any term of not more than 20 years or less than 2
years.@  Tex. Penal Code Ann. ' 12.33(a) (Vernon 2003). 
In addition, the punishment may include Aa
fine not to exceed $10,000.@ 
Tex. Penal Code Ann. ' 12.33(b) (Vernon 2003). 
Appellant=s sentence
of three years falls within the range of punishment established by the
legislature.  Appellant committed the offense of burglary of a building the day
after he committed the offense in this case.  Appellant pleaded guilty to that
offense.  In view of the facts that appellant pleaded guilty to the offense in
this case, that appellant failed numerous times to comply with the terms and
conditions of his community supervision, and that appellant committed the
offense of burglary of a building, we cannot say that appellant=s sentence was grossly
disproportionate.  We overrule appellant=s
issue.

We
affirm the judgment of the trial court.

 

TERRY McCALL

JUSTICE

 

July 31, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.