Opinion filed August 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-10-00284-CR & 11-10-00285-CR

                                                    __________

 

                            BODIE
CHARLES HOOPER, Appellant  

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 32nd District Court

 

                                                            Fisher
County, Texas

 

                                              Trial Court
Cause Nos. 3382A & 3381

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Bodie
Charles Hooper entered an open plea of guilty to the offenses of arson, a
first-degree felony, and prohibited sexual conduct, a third-degree felony.  Tex. Penal Code Ann. §§ 25.02, 28.02(d)(2)
(Vernon 2011).  In Cause No. 11-10-00284-CR (Trial Court Cause No. 3382A), the
trial court assessed punishment on the arson conviction at confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term
of forty-five years.  The trial court additionally imposed a fine of $10,000 on
the arson conviction.  In Cause No. 11-10-00285-CR (Trial Court Cause No.
3381), the trial court assessed his punishment on the prohibited sexual conduct
conviction at confinement in the Institutional Division of the Texas Department
of Criminal Justice for a term of ten years.  Additionally, the trial court
ordered that the sentences are to run concurrently.  Appellant challenges his
punishment in a single issue in each appeal.  We affirm.

Background
Facts

            Appellant’s
conviction for prohibited sexual conduct arises from his act of engaging in
sexual intercourse with his stepdaughter.  J.H. was nineteen years old at the
time of trial.  Her mother testified that J.H. had learning difficulties and
that she functioned on a fourth to sixth grade level.  J.H. testified that, after
the family moved to Snyder, appellant began showing her inappropriate magazines
and touching her breasts and private area.  She testified that this conduct
happened “a lot” and that it progressed to the point where appellant began penetrating
her private area with his fingers.  When the family moved to near Hermleigh,
appellant began making J.H. have sexual intercourse with him.  She testified
that the sexual intercourse occurred “a lot.”  On at least one occasion,
appellant also forced her to perform oral sex on him.  During the course of his
relations with J.H., appellant told her to tell her mother that she was having
sexual intercourse with her boyfriend so that her mother would place her on
birth control.

            J.H.
initially reported appellant’s conduct to her brother in the summer of 2009,
and he reported it to their mother.  J.H.’s mother confronted appellant with
J.H.’s accusation while they were returning home from an out-of-town trip. 
When they returned home, appellant spoke with J.H. before her mother spoke with
her.  J.H. testified that appellant forced her to tell her mother that she lied
about the allegations.

            J.H.,
her mother, and brother continued to live with appellant after this initial
report.  J.H.’s mother, F.J.H., testified that appellant began drinking heavily
during this period and that he became verbally abusive.  On one occasion,
appellant threatened F.J.H. with a shotgun, and he discharged it inside their
home.  Tensions between appellant and F.J.H. reached a breaking point in
October 2009 when appellant asked F.J.H. to take him to his drug dealer in
Snyder after he returned from an out-of-town trip.  F.J.H. decided to leave
appellant at this time.  F.J.H., J.H., and J.H.’s brother left the home.  J.H.
repeated her accusations against appellant to F.J.H. at this time.  F.J.H.
contacted authorities in Fisher County, and they began an investigation.  

            F.J.H.
spoke with appellant by telephone on October 7, 2009.  He begged her to come
back home and work things out.  He also threatened to kill her if she did not
agree to take him back.  On October 8, 2009, appellant informed F.J.H. that he
was having a sale and that she should come get whatever items at their house
that she wanted.  When she declined, he informed her that he was in the process
of pouring gasoline on the home so that he could burn it down.  He also warned
her not to send anyone out to try to stop him.  F.J.H. contacted authorities in
Fisher County regarding appellant’s threats.  By the time the authorities arrived
at the house, it was fully engulfed in flames.  J.H. and F.J.H. testified that
they lost everything they owned in the fire other than a few articles of
clothing in their possession.

            Appellant
presented several witnesses at the punishment hearing.  These witnesses
consisted of coworkers and members of appellant’s church.  They testified that,
in the eight or nine months following the fire, appellant had changed his life
by not drinking and by regularly attending church.

Issue

            In a
single issue, appellant alleges ineffective assistance of counsel.  He contends
that trial counsel was ineffective because he failed to preserve error on a
claim of excessive punishment by failing to either object to the sentence
imposed or present the contention in a motion for new trial.    

Analysis

            To determine whether appellant’s counsel rendered ineffective assistance
at trial, we must first determine whether appellant has shown that counsel’s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result of the
proceeding would have been different but for counsel’s errors. Wiggins v.
Smith, 539 U.S. 510 (2003); Strickland v. Washington, 466 U.S. 668
(1984); Andrews v. State, 159 S.W.3d 98 (Tex. Crim. App. 2005); Thompson
v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999). This standard applies to
claims of ineffective assistance of counsel in both the guilt/innocence phase
and the punishment phase of noncapital trials. Hernandez v. State, 988
S.W.2d 770, 773 (Tex. Crim. App. 1999). 

            We
must indulge a strong presumption that counsel’s conduct fell within the wide
range of reasonable professional assistance, and an appellant must overcome the
presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Strickland, 466 U.S. at 689; Tong v.
State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). “[C]ounsel is strongly
presumed to have rendered adequate assistance and made all significant
decisions in the exercise of reasonable professional judgment.”  Strickland,
466 U.S. at 690.  An allegation of ineffective assistance must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson, 9 S.W.3d at 814.  Under normal
circumstances, the record on direct appeal will not be sufficient to show that
counsel’s representation was so deficient and so lacking as to overcome the
presumption that counsel’s conduct was reasonable and professional. Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  Rarely will the record
on direct appeal contain sufficient information to permit a reviewing court to
fairly evaluate the merits of such a serious allegation.  Id.  In a
majority of cases, the record on direct appeal is simply undeveloped and cannot
adequately reflect the failings of trial counsel.  Id.

            The
Eighth Amendment to the United States Constitution prohibits cruel and unusual
punishment. U.S. Const. amend.
VIII.   This prohibition serves as the legal basis for a claim of an excessive
sentence.  As correctly noted by appellant, a complaint of an excessive
sentence is waived if it is not preserved for review either by an objection at
the time it was imposed or in a motion for new trial.   See Wynn v.
State, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); Castaneda
v. State, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).  Counsel’s
failure to preserve an excessive-sentence complaint does not, in and of itself,
constitute ineffective assistance of counsel.  To show ineffective assistance
of counsel based on the failure to preserve error, appellant must show that the
trial court would have committed error in either overruling the objection to
the sentence or overruling a motion for new trial complaining of an excessive
sentence.  See Ex parte White, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). 
We conclude that the trial court would not have committed error in overruling
either of these complaints had they been presented by trial counsel.

            The
legislature is vested with the power to define crimes and prescribe penalties. 
See State ex rel. Smith v. Blackwell, 500 S.W.2d 97, 104 (Tex. Crim. App.
1973); Simmons v. State, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet.
ref’d); Davis v. State, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995,
pet. ref’d).  As a general rule, punishment is not cruel and unusual if it
falls within the range of punishment established by the legislature.  Jackson
v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Dale v. State,
170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.); Rodriguez v. State,
71 S.W.3d 778, 779 (Tex. App.—Texarkana 2002, no pet.).  “[O]utside the context
of capital punishment, successful challenges to the proportionality of
particular sentences [will be] exceedingly rare.”  Solem v. Helm, 463
U.S. 277, 289-90 (1983) (quoting Rummel v. Estelle, 445 U.S. 263, 272
(1980)).  A narrow exception to this rule is recognized where the sentence is
grossly disproportionate to the offense.  Harmelin v. Michigan, 501 U.S.
957 (1991); Solem, 463 U.S. at 290-91; Dale, 170 S.W.3d at 799. 
A prohibition against grossly disproportionate sentences survives under the
federal constitution apart from any consideration of whether the punishment
assessed is within the statute’s range.  Delacruz v. State, 167 S.W.3d
904, 906 (Tex. App.—Texarkana 2005, no pet.).

            Texas
courts have followed the Fifth Circuit’s analysis for addressing Eighth
Amendment proportionality complaints.  McGruder v. Puckett, 954 F.2d 313
(5th Cir.1992).  This requires that we first conduct a threshold comparison of
the gravity of the offense underlying the current conviction, as well as the
offenses underlying any prior convictions, against the severity of the
sentence.  Id. at 316.  The test is whether the sentence is grossly
disproportionate to the gravity of the offenses upon which the sentences are
based. See Winchester v. State, 246 S.W.3d 386, 390 (Tex. App.—Amarillo
2008, pet. ref’d).  We consider the gravity of the offense in light of the harm
caused or threatened to the victim or society and the culpability of the
offender.  Solem, 463 U.S. at 291-92.

            Appellant’s
sentences were not grossly disproportionate to the offenses.  He pleaded guilty
to a first-degree felony and a third-degree felony.  His sentences fell within
the ranges of punishment established by the legislature for these offenses. 
The details of the conduct with which he was charged were particularly
egregious considering that they involved sexual conduct with his mentally
challenged stepdaughter and the fact that he destroyed all of his family’s
possessions by burning their home.  Evidence was also offered indicating that
he had committed other offenses, including the repeated commission of
prohibited sexual conduct with the same victim on numerous occasions. Furthermore,
appellant’s mitigation evidence was not so compelling as to have required a
lesser sentence.[1]
 His alleged behavior change occurred only after his arrest.  

            Considering
all of the facts and circumstances, appellant’s sentences were not grossly
disproportionate.  Accordingly, trial counsel’s representation did not fall
below an objective standard of reasonableness in not preserving an excessive-sentence
complaint for review.  Furthermore, the record does not show that the result of
the proceedings would have been different had trial counsel presented this
complaint.  Appellant’s sole issue in each appeal is overruled.

This
Court’s Ruling

             The
judgments of the trial court are affirmed.

            

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

August 31, 2011

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]Appellant’s
mitigation evidence included statements to the effect that he had been making
payments to F.J.H. and that insurance had paid her for the fire loss.  There
was no evidence pertaining to the amount of the payments he had been making to
F.J.H. or the purpose for them.  In this regard, the spouses were in the
process of getting a divorce.  Additionally, appellant’s reliance on insurance
payments made for a fire that he intentionally set is dubious at best.