# NO. 12-24-00117-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BOBBY TREVINO, APPELLANT* | § | *APPEAL FROM THE 443RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *ELLIS COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Bobby Trevino appeals his convictions for continuous sexual abuse of a child and indecency with a child by sexual contact. In two issues, Appellant argues that the sentences imposed by the trial court amount to cruel and unusual punishment in violation of the United States Constitution and the Texas Constitution because they are disproportionate to his crimes and inappropriate as to him. We affirm.[1]

### BACKGROUND

Appellant was charged by a single indictment with continuous sexual abuse of a child and indecency with a child by sexual contact. The matter proceeded to trial, and the jury found Appellant "guilty" of both offenses and assessed punishment at confinement for life for continuous sexual abuse of a child and twenty years of imprisonment for indecency with a child by sexual contact. After imposing the sentences assessed by the jury, the trial court ordered that Appellant's sentence for indecency with a child by sexual contact would begin upon completion of his sentence for continuous sexual abuse of a child. This appeal followed.

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001(a) (West Supp. 2024).

## CRUEL AND UNUSUAL PUNISHMENT

In issue one, Appellant argues that his sentences violate the Eighth Amendment to the United States Constitution because they are grossly disproportionate to his crimes. In issue two, Appellant argues that his sentences violate his rights pursuant to Article I, Section 13 of the Texas Constitution because they are grossly disproportionate to his crimes and "inappropriate to the offender." We address issues one and two together.

Appellant did not raise a timely objection in the trial court regarding the issue of cruel and unusual punishment under the U.S. Constitution or the Texas Constitution; therefore, he failed to preserve any such issues. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of rights under Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver of rights under United States Constitution); *see also* TEX. R. APP. P. 33.1(a); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[,]" and it is "incumbent upon the Court itself to take up error preservation as a threshold issue."). For the reasons explained herein, despite Appellant's failure to preserve error, we conclude that his sentences do not constitute cruel and unusual punishment under the United States Constitution or the Texas Constitution.

"The legislature is vested with the power to define crimes and prescribe penalties." *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

In this case, Appellant was convicted of the first-degree felony offense of continuous sexual abuse of a child and the second-degree felony offense of indecency with a child by sexual contact. *See* TEX. PENAL CODE ANN. §§ 21.02(h) (West Supp. 2024), 21.11(d) (West 2019). The punishment range for a first-degree felony is imprisonment for life or any term of not more than ninety-nine years or less than five years, and the punishment range for a second-degree felony is imprisonment for any term of not more than twenty years or less than two years. *Id*. §§ 12.32, 12.33 (West 2019). Both the life sentence for the offense of continuous sexual abuse of a child and the twenty-year sentence for the offense of indecency with a child by sexual contact fall within

the ranges of punishment set by the legislature. Therefore, Appellant's punishments are not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664. Furthermore, Section 3.03 of the Texas Penal Code provides as follows:

> If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of . . . an offense under Section 21.02 [or] 21.11 . . . committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section[.]

TEX. PENAL CODE ANN. § 3.03(b)(2)(A) (West Supp. 2024). The act of ordering that sentences will run consecutively does not constitute cruel and unusual punishment. *Stevens v. State*, 667 S.W.2d 534, 538 (Tex. Crim. App. 1984); *Baird v. State*, 455 S.W.2d 259, 259 (Tex. Crim. App. 1970). Thus, the trial court's order that Appellant's convictions run consecutively comports with the requirements set forth by the legislature and is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nonetheless, Appellant urges this Court to perform the three-part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. Texas courts and the Fifth Circuit Court of Appeals have modified the application of the *Solem* test in light of the United States Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), in making the threshold determination of whether Appellant's sentences are grossly disproportionate to his crimes. In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See*

3

*id*., 445 U.S. at 266, 100 S. Ct. at 1135. In ***Rummel***, the appellant received a life sentence because he had two prior felony convictions – one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. ***Id***., 445 U.S. at 266, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and considering the purpose of the habitual offender statute, the Supreme Court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. ***Id***., 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at bar, Appellant's offenses – continuous sexual abuse of a child and indecency with a child by sexual contact – are far more serious than the combination of offenses committed by the appellant in ***Rummel***, and Appellant's sentences are no more severe than the life sentence upheld in ***Rummel***. Thus, it is reasonable to conclude that if the sentence in ***Rummel*** is not constitutionally disproportionate, neither are the sentences imposed upon Appellant. Moreover, the cumulation of Appellant's sentences does not render his punishment constitutionally disproportionate. *See **Arredondo v. State***, 406 S.W.3d 300, 306 (Tex. App.—San Antonio 2013, pet. ref'd) (concluding that juvenile appellant's consecutive life sentences for homicide and nonhomicide offenses did not constitute cruel and unusual punishment). Because we do not conclude that Appellant's sentences are disproportionate to his crimes, we need not apply the remaining elements of the ***Solem*** test. *See **McGruder***, 954 F.2d at 316; ***Jackson***, 989 S.W.2d at 845-46. Accordingly, we overrule issues one and two.

## DISPOSITION

Having overruled both of Appellant's issues, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 27, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 27, 2024**

**NO. 12-24-00117-CR**

**BOBBY TREVINO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 443rd District Court
of Ellis County, Texas (Tr.Ct.No. 47032CR)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*